FLYNN-HARRIS-BULLARD COMPANY, A CORPORATION, *et al.*, *Appellants,* v. J. F. JOHNSON, *Appellee.*

En Banc.

Opinion Filed December 1, 1925.

1. Laborer's liens acquired under Section 3505, Revised General Statutes, as amended by Chapter 8474, Acts of 1921, have priority over other liens "accruing thereafter" but not over liens previously acquired.

2. Where a lien is asserted upon personal property in the possession of the lien claimant, such possession does not give priority over liens previously acquired.

An Appeal from the Circuit Court for Osceola County; C. O. Andrews, Judge.

Reversed.

*Herbert L. Anderson* and *Kribbs* and *Steed,* for Appellants;

*Johnston & Garrett,* for Appellee.

WHITFIELD, J.—The appellee, J. F. Johnson, brought a bill of complaint against A. A. McDonald and L. L. Taylor, co-partners, and others, to impress a laborer's line for his

own labor and that of three other persons, C. B. Davis, Ed Hunter and M. O. Taylor, who had assigned their claims to him, upon a stated number of barrels of spirits of turpentine and of rosin, the property of McDonald and Taylor, the turpentine operators who were the employers of complainant, the property being alleged to be in the possession of the complainant, the lien being claimed under Section 3508, Revised General Statutes of Florida, 1920, ''in favor of any person who shall manufacture, alter or repair any article or thing of value upon such article or thing.'' The labor is alleged to have been performed between January, 1920, and September, 1921. It is alleged that Flynn-Harris-Bullard Company, a corporation, ''is made a respondent because it has or claims to have some right, title, interest, claim or demand upon said spirits of turpentine or rosin,'' and ''that any such right, title, interest, claim or demand is subordinate and subsequent to the claim of complainant for labor and services.''

The barrels of spirits of turpentine and of rosin were released by complainant upon a ''release bond'' given by Flynn-Harris-Bullard Company with two sureties conditioned to pay the amount of the judgment or decree in the cause with interest and costs upon final adjudication. See Sec. 3532, Rev. Gen. Stats., 1920.

A demurrer to the bill of complaint filed by Flynn-Harris-Bullard Company was overruled.

By answer Flynn-Harris-Bullard Company denied the allegations of the bill as to the lien claimed and averred a prior lien upon the property by virtue of a mortgage executed November 7, 1919, by McDonald and Taylor covering lands and leases, personal property, ''cup faces and boxes,'' ''and also all spirits and crude turpentine, rosin, gum, scrape and other products of the said naval stores farm and business that may be on hand at the still, on the yards, in the woods and elsewhere, and all such products of said

naval stores farm and business as the mortgagors may, until the full payment of the indebtedness hereby secured, raise, produce, manufacture, and otherwise acquire.''

The mortgage secured notes aggregating $16,000.00 dated November 7, 1919, and provided that the mortgagee shall not be bound to advance to said mortgagors more than the sum of sixteen thousand dollars ($16,000.00) in any event to be owing at one time, nor shall it be bound to renew said notes, in whole or in part, but if it shall make other and further advances at any time hereafter or renew said notes, or any of them, in whole or in part, such advances and such renewal or renewals shall be secured by and included in this mortgage as fully as said notes and in every respect.''

By final decree a lien was adjudicated in favor of the complainant upon the barrels of spirits of turpentine and of rosin, and payment of the amounts demanded by complainant was decreed against McDonald and Taylor, co-partners, and against Flynn-Harris-Bullard Company and their two sureties on the release bond.'

An appeal was taken by Flynn-Harris-Bullard Company, making McDonald and Taylor and the sureties on the release bond co-appellants.

The services rendered by the complainant for which partial payments were made is alleged to have been between January 1, 1921, and August 31, 1921, ''in looking after the negro hands in the woods, keeping time, selling goods in the commissary, keeping dip buckets and all tools in shape and running the still at spare times.'' The services of C. B. Davis were rendered between March 4, 1920, and August 15, 1921, with partial payments, ''as a laborer helping to build still sheds, looking after dip squads, emptying buckets and keeping time, following scrape squads, emptying boxes, packing scrape, and keeping time, following pine rakers, tallying and looking after the work, hauling and distributing cups and selling goods in the commissary.'' The serv-

ices of Ed Hunter as alleged were rendered between January 1, 1920, and September 15, 1921, with partial payments "as a laborer cooking for camp, raking pines, dipping gum, feeding and looking after stock, driving dip wagon and doing any and all duties he was called upon to perform." The services of M. O. Taylor as alleged were rendered between July 18, 1921, and September 23, 1921, "as a laborer, driving wagon and truck, dipping, and doing any and all other things that he was called upon to do."

While such "laborers" were apparently not entitled to a lien under Section 3508, Revised General Statutes, 1920, as they were not engaged in manufacturing, altering or repairing any article or thing, they may be entitled to a lien upon the personal property upon which they performed labor or services pursuant to Section 3505, Revised General Statutes, as amended by Chapter 8474, Acts of 1921, which became effective June 14, 1921. In view of the payments made to the laborers this record does not show the amounts for which claims may be asserted for services or labor after June 14, 1921. See Griffith v. Hulion, decided at this term.

As the labor was performed or the services were rendered in 1920, and 1921, the mortgage lien of 1919 had priority, since under the statute the complainant's lien if shown is "prior in dignity to all others accruing thereafter," and the mortgage lien did not accrue thereafter, but was in force before and at the time the services of complainant and of his assignors were rendered. See Griffith v. Hulion, supra; People's Bank of Jacksonville v. Arbuckle, 82 Fla. 479, 90 South. Rep. 458.

The mortgage provides that the "mortgagee shall not be bound to advance more than the sum of $16,000.00 in any event to be owing at one time, nor shall it be bound to renew said notes, in whole or in part, but if it shall make other and further loans they shall be secured by and included in

this mortgage as fully as said notes and in every respect."
If this provision has the effect, after the payment of the
$16,000.00 loan, of subordinating the mortgage lien to liens
of laborers thereafter acquired, of which laborers' liens the
mortgagee had actual notice before making other optional
loans (Gray v. McClellan, 214 Mass. 92, 100 N. E. Rep.
1093; Finlayson v. Crooks, 47 Minn. 74, 49 N. W. Rep. 398,
645; 27 Cyc. 240; 1 Jones on Mort. (7th ed.) (369), it does
not appear that the complainant or his assignors in this
case acquired any lien as against the mortgagor's creditors
before the greater part of the present mortgage indebted-
ness had accrued, as to which the mortgage lien had prior-
ity.   Section 3517, Revised General Statutes, provides that
"as against the owner, absolute or limited, of the property,
real or personal, upon which a lien is claimed, or persons
deriving through his death, or purchaser or creditor with
notice, the lien * * * shall be acquired by any person,
in privity with such owner by the performance of the labor
or the furnishing of the materials.   Any purchaser or cred-
itor whose title, interest, lien or claim in or to the property
shall be created or shall arise, while the construction or
repair of such property as aforesaid is in progress shall be
deemed and held to be a purchaser or creditor with notice."
And that "as against purchasers and creditors of such
owner without notice,   * * *   there shall be no lien upon
personal property as against purchasers and creditors with-
out notice, unless the person claiming the lien be in posses-
sion of the property upon which the lien is claimed, in
which case the lien as against creditors and purchasers
without notice shall continue so long as the possession con-
tinues, but not for a period longer than three months after
the performance of the labor or the furnishing of the ma-
terial."   The services or labor for which the liens are
claimed did not contribute to the construction or repair of
property, and it does not appear that before loans in excess

of the first $16,000.00 were made, the mortgagee had actual notice of any incumbrance on the property claimed by complainants, or, if it be material here, that the mortgagee had notice of the furnishing of labor by the claimants to the mortgagors for which liens may legally be claimed.

Under the terms and conditions of the mortgage and the situation created thereby, the mortgagee was not expressly or by implication the employer of the complainant or his assignors to perform the labor or services for which a lien is here sought to be impressed.

Reversed.

ELLIS, TERRELL, STRUM AND BROWN, J. J., concur.