GUARANTY TITLE & TRUST Co. *et al.*, *Appellants*, v. S. B. THOMPSON *et al.*, *Appellees.*—Case No. 526. ·

GUARANTY TITLE & TRUST Co., J. B. DICUS *et al.*, *Appellants*, v. S. B. THOMPSON *et al.*, *Appellees.* —Case No. 244.

## Division A.

## Opinion Filed May 4, 1927.

1. As between a trust deed in the nature of a mortgage and statutory lines of materialmen or laborers which may attach to the premises, the general rule of priority is that the lien which is first in time is first in right.

2. The statutory lien of materialmen or laborers in many cases attaches prior to, or even without, a recordation of the statutory notice thereof in the public records, so that the statutory lien of a materialman or laborer of which no notice has been recorded in the public records ' may be superior both in time and right to that of a recorded mortgage.

3. Ordinarily, as between a trust deed in the nature of a mortgage and the statutory lien of a materialman or laborer, the lien of such trust deed attaches and attains priority as of the time it is filed for record in accordance with the statute, or actual notice thereof given to prospective claimants of such statutory liens.

4. A trust deed in the nature of a mortgage is merely a security for the performance of an obligation, usually the payment of a debt, and is incidental thereto. Without a debt or other obligation such trust deed is without present vitality and has no present effect as a lien.

5. At least as against other lienors without notice, before a trust deed in the nature of a mortgage can become effective as a lien, it is essential that the debt or obligation the payment of which is secured by such trust deed shall have come

into existence between the parties either by the negotiation of some, though not necessarily all, the bonds thereby secured, or otherwise.

6. A bond is "negotiated" when it is placed in circulation by a complete and irrevocable delivery thereof by the obligor to another person, for value, and for the purpose of circulation.

7. In respect to ·mortgages executed to ·secure future advances, and mortgages executed to secure the payment of a loan or other indebtedness created prior to or contemporaneously with the execution of the mortgage, the consideration for which mortgage, by agreement of the parties, is temporarily retained by the mortgagee but subsequently disbursed or paid over to the mortgagor, the general rule is that such mortgages are potential liens for the full amount the mort-· gagee is *obligated* to advance under the terms thereof, and such a mortgage takes priority as a lien from the date of its record, and not from the date of the disbursements by the mortgagee to the mortgagor, for the full amount of the indebtedness actually and in good faith incurred under and secured by the mortgage, not exceeding, however, the maximum amount the mortgagee is *obligated* to advance thereunder.

8. When it is established by the evidence that although a trust deed in the nature of a mortgage was duly executed and recorded, the recited purpose of which was to secure the payment of a series of ·bonds therein described, the debt to be secured thereby did not in fact come into existence between the parties prior to the due acquisition of a statutory materialman's or laborer's lien on the lands in question, the ostensible lien of such trust deed can not prevail over the duty acquired statutory lien, even though such statutory lien attached subsequent to the filing for record·of the trust deed.

9. The purchaser at a master's sale of real estate to whom a deed has been executed and which sale has been confirmed, is a necessary party to any proceeding instituted to set aside or vacate the order of confirmation, and is a ·necessary party to an appeal taken in such proceeding.

Two Appeals from the Circuit Court of Pinellas County; Hon. M. A. McMullen, Judge.

Case No. 526 affirmed; Case No. 244 dismissed.

*Brandon & Gage,* of Clearwater, for Appellants;

*Guss Wilder,* of Clearwater, for Appellees.

STRUM, J.—This suit in equity was instituted by the appellees, S. B. Thompson *et al.,* as complainants below, to foreclose a statutory lien for materials furnished in the construction of a building upon described lands alleged to be owned by Joel B. Paine. The suit is brought pursuant to Section 3495, *et seq.,* Revised General Statutes 1920. Besides the allegations of the amended bill of complaint pertaining to the lien claimed by the complainants, it is further alleged therein that divers other persons, all of whom are joined as defendants below, claim other statutory liens upon said lands for labor performed or materials furnished in the construction thereon of said building, all of which liens, as well as a mortgage lien claimed by People's Bank of Clearwater, another defendant, are alleged to be subordinate to complainants' lien. The Guaranty Title & Trust Co., a corporation, was also made a party defendant to the amended bill of complaint, with respect to which defendant the following allegations appear in the amended bill:

"That there appears in Mortgage Record 40, page 101, public records of Pinellas County, Florida, a certain Mortgage or Trust Deed given by said defendants, Joel B. Paine and Henrietta D. Paine, his wife, to the defendant, Guaranty Title & Trust Company, dated November 1st, 1921, and filed for record November 1st, 1921, given to secure an issue of bonds aggregating $20,000.00.

"Upon information and belief your orators say that said

Guaranty Title & Trust Company and the persons who purchased such of the bonds as have been sold, to-wit, $15,-000.00, took the same with the notice and knowledge of the existence of your orators' lien hereby sought to be foreclosed.

"Your orators further show and represent unto your Honor that at the time of the making and execution of said Trust Deed, the said Sunset Point Tavern (the building hereinabove referred to) was in the course of construction and was not completed until more than three months thereafter."

The amended bill also contains allegations concerning another purported trust deed between the same parties, dated September 26, 1921, and recorded on April 3, 1922, in Mortgage Record 40, page 135, of the Public Records of Pinellas County, which latter trust deed, it is alleged, "was given by the grantors therein named to the grantee therein named for the purpose of examination only, and that the same was not satisfactory, whereupon the said Joel B. Paine, the grantor in both trust deeds and the owner of the lands in question, made and executed the trust deed referred to, recorded in Mortgage Record 40, at page 101, Public Records of Pinellas County, but that thereafter the trust deed appearing of record in Mortgage Record 40, page 135, being the one first executed but which was alleged to have been found unsatisfactory, was recorded by one of the defendants "without authority from the grantors therein (in the trust deed) named, and that the same is in fact a nullity." The answer and supplemental answer of the defendant Guaranty Title & Trust Co., deny all the material allegations of the amended bill, except the alegation as to the ownership of the land and the allegations above quoted with respect to the execution to said defendant, as the trustee, of the trust deed first above mentioned, recorded in

Mortgage Record 40, page 101. The obligations which the trust deeds purport to secure do not appear to be purchase money obligations.

In due course a final decree was rendered in favor of the complainants and other lien claimants, fixing the priorities between them, and decreeing the payment to them of the sums found to be due them on account of their respective liens, in default of which it was further decreed that the premises be sold to satisfy said liens.

By the final decree, it was further found and decreed:

"That the defendant Guaranty Title & Trust Company, a corporation, either as trustee or otherwise, has not established by the evidence in this cause any claim against the property embraced in this suit."

A petition for rehearing having been denied, the defendant Guaranty Title & Trust Company "for and in behalf of itself and of" all other defendants below, naming them, appealed from the final decree of foreclosure. This appeal is Case No. 526, Division A, in this Court.

The sums found to be due to the divers lien claimants not having been paid, and no supersedeas having been perfected under the appeal from the final decree, a Special Master appointed by the court thereafter, and after notice, proceeded to sell the lands involved. The Master reported that he had sold the same to one Gregory McLean, as Trustee, for S. B. Thompson, and the other lien creditors who are parties to the suit, excepting the appellant Guaranty Title & Trust Co. That sale was confirmed over the objection of the appellants Guaranty Title & Trust Co. and one J. B. Dicus, another defendant below. Dicus was not one of the lien claimants, his interest, if any, in the lands involved not being made clear, either in the pleadings or the testimony although he appears to have been acting in association with Paine, the alleged owner of the lands.

From the order of confirmation Guaranty Title & Trust Co. and said J. B. Dicus appealed ''for and on behalf of themselves and'' the other parties defendant to the amended bill, naming them. This appeal is No. 244, Division A, in this court.

The two appeals being so closely related, we will dispose of them together.

Although both appeals were sued out, the first in the name of Guaranty Title & Trust Company, as Trustee, ''for and on behalf of itself and of its co-defendants'', naming all the other parties defendant below, and the second appeal in the name of the said Guaranty Title & Trust Company, as Trustee, and J. B. Dicus, ''for and on behalf of themselves and their co-defendants'', naming the other parties defendant below, the errors assigned on both appeals have been argued by the appellants only in so far as the alleged errors pertain to or affect the interest or claim, if any, of the said Guaranty Title & Trust Company, as Trustee, and the said J. B. Dicus in the lands involved. We will therefore dispose of the same in that aspect. In the brief for appellants, it is stated that ''there is really no controversy between the complainants and the various lien claimants.'' The real controversy seems to be between the Guaranty Title & Trust Company, as Trustee, on the one hand, and the divers lien claimants on the other hand.

As between a trust deed in the nature of a mortgage and statutory liens of materialmen or laborers which may attach to the premises, the general rule of priority is that the lien which is first in time is first in right. Sec. 3495, Rev. Gen. Stats. 1920; Peoples Bank v. Arbuckle, 82 Fla. 479, 90 South. Rep. 458; Palm Beach Bank & Trust Co. v. Lainhart, 84 Fla. 662, 95 South. Rep. 122, 41 C. J. 514, 19 R. C. L. 956. When dealing with priorities between the statutory liens of materialmen and laborers on the one

hand, and a mortgage lien on the other, it must be kept in mind that the statutory lien of materialmen or laborers in many cases attaches prior to, or even without, a recordation of the statutory notice thereof in the public records, so that the statutory lien of materialmen or laborer of which no notice has been recorded in the public records may be superior both in time and right to that of a recorded mortgage.

Ordinarily, as between a trust deed in the nature of a mortgage and the statutory lien of a materialman or laborer, the lien of such trust deed attaches and attains priority as of the time it is filed for record in accordance with the statute, or actual notice thereof given to prospective claimants of such statutory liens. "The due record of a mortgage is statutory notice of the contract lien (of the mortgage), binding on all who deal with reference to liens upon the property." Peoples Bank v. Arbuckle, *supra.* But a trust deed in the nature of a mortgage is merely a security for the performance of an obligation, usually the payment of a debt, and is incidental thereto. Without a debt or other obligation such trust deed is without present vitality and has no present effect as a lien. Although previously recorded, it can take effect as a lien, at least as against third persons without notice, only from the time some debt or other obligation secured by it is created. Ladue v. Detroit Etc. R. Co., 13 Mich. 380, 87 Am. Dec. 759; Gillam v. Barnes, 82 N. W. Rep. 38. The trust deeds in question, wherein the appellant Guaranty Title & Trust was named as trustee, were executed for the recited purpose of securing the payment of a series of negotiable bonds therein described. At least as against other lienors without notice, before such a trust deed can become effective as a lien, it is essential that the debt or obligation the payment of which is secured by such trust deed shall have come into existence between the parties either by the

negotiation of some, though not necessarily all, the bonds thereby secured, or otherwise. A bond is "negotiated" when it is placed in circulation by a complete and irrevocable delivery thereof by the obligor to another person, for value, and for the purpose of circulation. Until, however, there is in existence a valid debt or obligation, there is nothing for a mortgage or trust deed to secure, and hence such mortgage or trust deed, though previously recorded, is necessarily, until that time, ineffectual as a lien so far at least as the rights of third parties without notice are concerned.

The question now under consideration should not be confused with a determination of the priorities between the statutory lien of a materialman or laborer on the one hand and a mortgage to secure future advances on the other (See Flynn-Harris-Bullard Co. v. Johnson (Fla.), 107 South. Rep. 358; Griffith v. Hulion (Fla.), 107 South. Rep. 354; Jones on Mortgages (7th Ed.) Sec. 373) ; nor between a statutory lien of the character stated, on the one hand, and on the other a previously recorded mortgage executed to secure the payment of a loan or other indebtedness made or created prior to or contemporaneously with the execution of the mortgage, the consideration for which mortgage, by agreement of the parties, is temporarily retained, wholly or in part, by the mortgagee, but is actually and *bona fide* disbursed or paid over to the mortgagor at the time subsequent to the time when the materialman's lien attached. In those cases, the general rule is that such a mortgage takes priority as a lien from the date of its record, and not from the date of the disbursements by the mortgagee to the mortgagor, for the full amount of the indebtedness actually and in good faith incurred under and secured by the mortgage, not exceeding, however, the maximum amount the mortgagee is *obligated* to loan or advance

by the terms of the mortgage and of which the recorded mortgage affords constructive notice. Such mortgage is a potential lien for the full amount the mortgagee is *obligated* to advance under its terms. See Moroney's Appeal, 24 Pa. St. 372; Platt v. Griffith, 27 N. J. Eq., 207; Cheesborough v. Asheville Sanitarium, 46 S. E. Rep. 494; McAdams v. Piedmont Trust Co., 83 S. E. Rep. 623; Ann. Cas. 1916-B 669; Creigh v. Jones, 173 N. W. Rep. 687; Culmer Paint Co. v. Gleason, 130, Pac. Rep. 66; Ladue v. Detroit Etc. R. Co., 13 Mich 380, 87 Am. Dec. 759. See also the notes to H. F. Cady Lumber Co. v. Miles (147 N. W. Rep. 210), Ann. Cas. 1916-B 632; 41 C. J. 502 (430); Id. p. 525 (465); Jones on Mortgages (7th Ed.) Sec. 364, *et seq.;* Id. Sec. 375; Jones on Liens (3rd Ed.) Sec 1459.

When it is established by the evidence that although a trust deed in the nature of a mortgage was duly executed and recorded, the recited purpose of which was to secure the payment of a series of bonds therein described, the debt to be secured thereby did not in fact come into existence between the parties prior to the due acquisition of a statutory materialman's or laborer's lien on the lands in question, the ostensible lien of such trust deed cannot prevail over the duly acquired statutory lien, even though such statutory lien attached subsequent to the filing for record of the trust deed. See Freutel v. Schmitz, 132 N. E. Rep. 534; Hewson-Herzog Supply Co. v. Cook, 54 N. W. Rep. 751.

The evidence before us upon this record sustains the view that prior to the accrual of the several statutory liens claimed by the parties hereto, no consideration for the bonds secured by the trust deed had passed from said Trust Company, or any other person, to the obligor in said bonds, nor had there been a complete and irrevocable delivery for circulation of such bonds under a valid agreement for the future payment of such consideration, nor

had the debt to be secured by the trust deeds in question come into existence between the parties prior to the accrual or attachment of such statutory liens either by the sale or delivery to a purchaser of any of said bonds, or otherwise. It follows that although the trust deeds are apparently first in time to some of the statutory liens, they are not so in fact, and therefore are not first in right as against the statutory liens. The chancellor is therefore sustained by the evidence in his finding that the appellant Guaranty Title & Trust Co. has not established in this cause any claim against the property embraced in this suit, either as trustee or otherwise. That being true, said appellant is not in a position to question the correctness of the final decree below in the respects referred to in other assignments of error.

For the same reason, said appellant will not be heard to question the chancellor's order confirming the sale of the lands involved. But there is a more serious obstacle to a consideration of the appeal from the order of confirmation.

The order of confirmation recites "that said Master has heretofore made, executed and delivered a deed conveying to the purchaser at said sale the property described in said final decree and in said deed", the purchaser mentioned being one Gregor McLean as Trustee for divers parties. But the said purchaser, McLean, so far as we are able to ascertain from the record, was not made a party either to the proceeding by which the appellant Guaranty Title & Trust Company sought to vacate the original order of confirmation, or to the proceedings subsequent thereto. Neither was said purchaser made a party to the appeal from the order of confirmation, nor has he voluntarily appeared in this court.

In Gifford v. Plummer, 73 Fla. 1065, 75 South. Rep. 536, this court said:

"The purchaser at a master's sale of real estate to whom a deed has been executed and which sale has been confirmed, is a necessary party to any proceeding instituted to set aside or vacate the order of confirmation, and is a necessary party to an appeal taken in such proceeding." See also Macfarlane v. Macfarlane, 50 Fla. 570, 39 South. Rep. 995.

The final decree from which the first appeal was taken herein (Case No. 526) is affirmed. The appeal from the order confirming the Special Master's report of sale (Case No. 244), is dismissed.

ELLIS, C. J., AND BROWN, J., concur.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur in the opinion.