THE FRANKLIN SAVINGS & LOAN COMPANY, a Corporation, *Appellant,* v. ROY D. FISK and Wife, ALICE E. FISK, FIRST NATIONAL BANK OF ST. PETERSBURG, FLORIDA, a Corporation, as Trustee; NINTH STREET BANK & TRUST COMPANY, a Corporation, as Trustee; WM. S. HARRIS, *Appellees.*

Division A.

Opinion filed October 17, 1929.

684

*Cook & Harris,* for Appellant.

BROWN, J.—This appeal is from a decree for foreclosure. The bill was filed by The Franklin Savings and Loan Company for the foreclosure of a mortgage given to it by Roy D. Fisk and wife to secure a note for $6,000.00 Besides the mortgagors, several other parties were made defendants. One of these was Wm. S. Harris, who it was alleged claimed a mechanic's lien subordinate to complainant's first mortgage lien, and another was the Ninth Street Bank and Trust Company, who held a junior mortgage. These two defendants filed answers. Decrees *pro confesso* were entered against the other defendants. In his answer, defendant Harris alleged that his claim for labor and materials had priority over complainant's mortgage, and the junior mortgage, as well. In its final decree of foreclosure the court below upheld this claim of priority as made by Harris, and complainant appealed, claiming by its assignment of error that the chancellor erred in decreeing that Harris' lien should be accorded priority over complainant's mortgage, and also in allowing attorney's fees to Harris.

The mortgage which complainant sought to foreclose was executed to it by Fisk and wife on March 17, 1926, and was recorded on March 23, 1926, and was given to secure a note for $6,000.00 payable about five years later, interest at 8%

payable semi-annually. Harris, as shown by the evidence, commenced the furnishing of labor and material to Fisk on June 15, 1926, and completed his work September 24, 1926, and filed his notice of lien for record on November 20, 1926.

The evidence showed that the complainant's note and mortgage were taken to secure what is commonly termed a building loan. Though the mortgage and note were in the usual form, it was understood between the parties at the time of its execution that the $6,000.00 was to be paid over by the mortgagee to the mortgagors in installments. The evidence showed that the plans and specifications for the prospective dwelling were submitted by the mortgagors to the mortgagee before the loan was made, and it was understood and agreed between the parties at the time that a certain proportion of the $6,000.00 was to be paid over to the mortgagors when the foundation was laid, another when the house was under roof, another when the plumbing was roughed in, and the remainder when the house was completed; all of which was done by the mortgagee. The evidence does not show the date of these payments. Harris testified that Fisk promised to pay him for his plastering work out of the final payment to be made Fisk by the complainant; that he, Harris, did not know when any money was paid over to Fisk; that all he knew was that Fisk failed to pay him.

The special master found in favor of complainant on the question of priority, and defendant Harris filed an exception to the Master's report on that point which was sustained by the chancellor, who decreed, as above indicated, that Harris' lien had priority over complainant's mortgage.

This holding of the chancellor is in conflict with the principle enunciated by this Court in Flynn-Harris-Bullard

Co. v. Johnson, 90 Fla. 654, 107 So. R. 358, and Guaranty Title and Trust Co. v. Thompson, 93 Fla. 983, 113 So. R. 117.

In the last cited case, in a well considered opinion by Mr. Justice Strum, it was said:

> "The question now under consideration should not be confused with a determination of the priorities between the statutory lien of a materialman or laborer, on the one hand, and a mortgage to secure future advances on the other (see Flynn-Harris-Bullard Co., v. Johnson, 90 Fla. 654, 107 So. R. 358; Griffith v. Hulion, 90 Fla. 582, 107 So. R. 354; Jones on Mortgages (7th ed.), Sec. 373; nor between a statutory lien of the character stated, on the one hand, and on the other a previously recorded mortgage executed to secure the payment of a loan or other indebtedness made or created prior to or contemporaneously with the execution of the mortgage, the consideration for which mortgage, by agreement of the parties, is temporarily retained, wholly or in part, by the mortgagee, but is actually and *bona fide* disbursed or paid over to the mortgagor at a time subsequently to the time when the materialman's lien attached. In those cases, the general rule is that such a mortgage takes priority as a lien from the date of its record, and not from the date of the disbursements by the mortgagee to the mortgagor for the full amount of the indebtedness actually and in good faith incurred under and secured by the mortgage, not exceeding, however, the maximum amount the mortgagee is obligated to loan or advance by the terms of the mortgage, and of which the recorded mortgage affords constructive notice. Such mortgage is a potential lien for the full amount the mortgage is obligated to advance under its terms."

There was also error in allowing solicitor's fees to appellee Harris. Security Finance Co. v. Gardiner, 114 So. R. 232, 94 Fla. 549; Martin v. Rothar, 113 So. R. 713, 94 Fla. 207, and cases cited.

For the errors pointed out, the decree appealed from must be reversed.

Reversed and remanded.

TERRELL, C. J., AND ELLIS, J., concur.

WHITFIELD, P. J., AND STRUM AND BUFORD, J. J., concur in the opinion and judgment.