Buford, J.
 

 The appellee exhibited its bill of complaint against the following named defendants:
 

 Beulah Rose Nelson, formerly Beulah Rose Weaver or Beulah Weaver, and her husband, George P. Nelson; Reed Waldo Weaver, Jr., a minor, and Beulah Rose Nelson as guardian for Reed Waldo Weaver, Jr., a minor, Bradford G. Williams, as executor of estate of R. W. Weaver, deceased, et al.
 

 The bill of complaint was in the usual and approved form of such bills for the foreclosure of the ordinary real estate mortgage under usual conditions. The bill of complaint alleged that the mortgaged property was the homestead of the maker of the mortgage, R. W. Weaver, and was occupied by himself, his wife and his children at the time of the making of the mortgage.
 

 A demurrer was filed by Beulah Rose Nelson and her husband, George P. Nelson, and Beulah Rose Nelson, as guardian for Reed Waldo Weaver, Jr., a minor. The demurrer was sustained in part and overruled in part. Thereupon the complainant amended the bill to show the death of W. R. Weaver on July 8, 1926, the appointment and qualification of Bradford G. Williams as executor, and presentation to him as executor of the last will and testament of Weaver, the claim against Weaver within the statutory period for presenting claims, and alleged that the report of the executor showed that there is no personal estate out of which the indebtedness to the complainant might be recovered.
 

 
 *1193
 
 A plea was then filed in the following language:
 

 “That the land described in the bill of complaint' and in the alleged mortgage sought to be foreclosed was never conveyed by R. W. Weaver and his wife, Beulah Weaver, to Telfair Stockton Company, a corporation, as is claimed in said bill, because, as is stated in said bill, said property was the homestead of said R. W. Weaver at the time of the purported execution and acknowledgment of said alleged mortgage and at the time of his death a few days thereafter and his interest in said property descended at his death to his widow and two children named in said bill, and these defendants say that at the time of the death of said R. W. Weaver there was no debt or other obligation due from said mortgagors to said mortgagee for the payment or performance of which said alleged mortgage was security, for the reason that non,e of the money alleged in said bill to have been loaned to said mortgagors by said mortgagee, for the payment of which said alleged mortgage is alleged to be security, was paid to said mortgagors, or either of them, or to anyone at their direction, or at the direction of either of them, prior to the death of said R. W. Weaver.
 

 “And these defendants further say that if any money whatever was paid by said mortgagee on said purported loan it was paid long after the death of said R. W. Weaver and after the marriage of' his widow to defendant, George P. Nelson, supposedly to one Bradford G. Williams, executor of the estate of said decedent, and was disbursed by him to persons and for purposes unknown to either of these defendants.
 

 “Wherefore, these defendants pray judgment whether they shall be compelled to make any other
 
 *1194
 
 or further answer to said bill as amended, and pray to be henee dismissed with their reasonable costs in this behalf, sustained. ’ ’
 

 The record indicates that the plea was set down for hearing. On hearing the following order was made.
 

 ‘ ‘ This cause coming on to be heard upon the plea of the defendants, Beulah Rose Nelson, formerly Beulah Rose Weaver or Beulah Weaver and her husband, George P. Nelson, and Beulah Rose Nelson as Guardian for Reed Waldo Weaver, Jr., a minor, to the bill of complaint herein, and same having been argued by counsel for the complainant and said defendants, and the Court being fully advised in the premises, it is ordered that said plea be and the same is hereby overruled as to the defendants, Beulah Rose Nelson, formerly Beulah Rose Weaver or Beulah Weaver, and George P. Nelson, her husband, and allowed as to the defendant Beulah Rose Nelson as Guardian for Reed Waldo Weaver, Jr., a minor, but with leave to the complainant to amend its bill on or before the rule day in February, 1930, should it so elect, and upon the filing of such amendment it is ordered that the defendants have ten days from the filing of such amendment in which to further plead and/or answer to said bill as amended. On failure of the complainant to amend its bill, it is ordered that the defendants Beulah Rose Nelson, formerly Beulah Rose Weaver or Beulah Weaver, and George P. Nelson, her husband, have until February 13, 1930, in which to answer herein.J ’
 

 Thereupon, an additional amendment was made to the bill-in the following language:
 

 
 *1195
 
 “That as hereinabove stated, the said R. W. Weaver and wife, Beulah Weaver, were at the time of the execution of the said note and mortgage, the equitable owners of the hereinabove described real estate, and that they were in possession thereof, having for a long period been engaged in the erection of a residence upon said property and the making of valuable improvements thereon; that the loan to said parties by the said Telfair Stockton & Company, a corporation, was for the purpose of financing the building of said residence on said property and the placing of said other valuable improvements thereon, in addition to the providing of funds for the payment of the balance due upon the purchase price thereof to the Central State Bank, the then owner of the fee title subject t'o contract to convey the same upon the order of the said R. W. Weaver; that each and every of the improvement's for the said property, including the erection of said residence thereon, were pursuant to executed contracts and obligations with respect to the said property entered into by the ss.id R. W. Weaver long' prior to the execution and delivery of said mortgage, and the complainant says that the proceeds of said loan were so expended upon the said property.”
 

 After amendment was filed another plea was filed by the parties filing the first plea, in the .following language:
 

 “That t'he land described in the bill of complaint and in the alleged mortgage sought to be foreclosed was never conveyed by R. W. Weaver and wife, Beulah Weaver, to Telfair Stockton & Company, a corporation, as is claimed in said bill, because, as is stated in said bill, said property was the homestead of said R. W. Weaver at the time of the purported execution
 
 *1196
 
 and acknowledgment of said alleged mortgage and at the time of his death a few days thereafter and his interest in said property descended at his death to his widow and two children named in said bill, and these defendants say that at the time of the death of the said R. W. Weaver there was no debt or other obligation due from said mortgagors to said mortgagee for the payment or performance of which said alleged mortgage was security, for the reason that none of the money alleged in said bill to have been loaned to said mortgagors by said mortgagee, for the payment of which said alleged mortgage is alleged to be security, was paid to said mortagors or either of them, or to anyone at their direction, or at the direction of either of them, prior to the death of said R. W. Weaver. And these defendants further say that if any money whatever was paid by said mortgagee on said purported loan it was paid long after the death of said R. W. Weaver, and after the marriage of his widow to defendant, George P. Nelson, supposedly to one Bradford G. Williams, executor of the estate of said decedent, and was disbursed by him to persons and for purposes unknown to either of these defendants.
 

 “Wherefore, these defendants pray judgment whether they shall be compelled to make any other or further answer to said bill amended as aforesaid, and pray to be hence dismissed with their reasonable costs in this behalf sustained.”
 

 The record indicates that the plea was set down for hearing and that on hearing the court made the following order:
 

 “This cause coming to be heard upon the plea of the defendants, Beulah Rose Nelson, formerly Beulah
 
 *1197
 
 Rose Weaver or Beulah Weaver, and her husband, George P. Nelson, and Beulah Rose Nelson, as guardian for Reed Waldo Weaver, Jr., a minor, to the bill of complaint as further amended, and same having been argued by counsel for the complainant and the said defendants, and the court being fully advised in the premises, it is ordered that said plea be and the same is hereby overruled as to all of said defendants. It is further ordered that said defendants have until May 1, 1930, in which to file answer herein. To which order defendants except.”
 

 From this order appeal was taken.
 

 It is impossible to determine the rights of the parties on the pleadings as presented here. To" the bill of complaint as presented, the plea as to the minor, Reed Waldo Weaver, Jr., presents a complete defense because the plea denies that there was any debt due to the mortgagee from R. W. Weaver for the amount of the mortgage or for any other amount at the time of the execution of the mortgage or at any time prior to the death of R. W. Weaver.
 

 The rule is that where a plea in equity is set down for hearing every ,allegation of fact well pleaded in the bill not denied by the plea is to be taken as true and every allegation of fact well pleaded in the plea and responsive to the bill is to be taken as true. See Horter v. Commercial Bank & Trust Co., opinion filed March 26, 1930, reported 126 So. R. 909, and cases there cited.
 

 It is well settled in this and other jurisdictions that there can be no mortgage unless there is a debt to be secured thereby or some obligation to pay money. Ordinarily it is essential that there should be a relation of debtor and creditor between the mortgagor and mortgagee. Holmberg v. Hardee, 90 Fla. 787, 108 So. R. 211; Guaranty Title & Trust Co. v. Thompson, 93 Fla. 983, 113 So. R. 117.
 

 
 *1198
 
 In Guaranty Title & Trust Co. v. Thompson,
 
 supra,
 
 which was a suit brought by Thompson to foreclose a statutory lien for material furnished in the construction of a building on certain land in which it was alleged:
 

 “That there appears in Mortgage Record 40, page 101, public records of Pinellas County, Fla., a certain mortgage or trust deed given by said defendants, Joel B. Paine and Henrietta D. Paine, his wife, to the defendant, Guaranty Title &. Trust Co., dated November 1, 1921, and filed for record November 1, 1921, given to secure an issue of bonds aggregating $20,000.
 

 “Upon information and belief your orators say that said Guaranty Title & Trust Company and the persons who purchased such of the bonds as have been sold, to-wit, $15,000, took the same with the notice and knowledge of the existence of your orator’s lien hereby sought to be foreclosed.
 

 “Your orators further show and represent unto your honor that at the time of the making and execution of said trust deed, the said Sunset Point Tavern (the building hereinabove referred to) was in the course of construction and was not completed until more than three months thereafter,”
 

 Mr. Justice Strum, speaking for the Court, says:
 

 “The question now under consideration should not be confused with a determination of the priorities between the statutory lien of a materialman or a laborer, on the one hand, and a .mortgage to secure future advances on the other (See Flynn-Harris-Bullard Co. v. Johnson, 90 Fla. 654, 107 So. R. 358; Griffith v. Hulion, 90 Fla. 582, 107 So. R. 354; Jones on Mortgages (7th ed.) 373); nor between a statutory lien of the character stated, on the one hand, and on the other a previously
 
 *1199
 
 recorded mortgage executed to secure the payment of a loan or other indebtedness made or created prior to or contemporaneously with the execution of the mortgage, the consideration for which mortgage by agreement of the parties, is temporarily retained, wholly or in part, by the mortgagee but is actually and
 
 bona fide
 
 disbursed or paid over to the mortgagor .at a' time subsequently to the time when the materialman’s lien attached. In those cases, the general rule is that such a mortgage takes priority as a lien from the date of its record, and not from the date of the disbursements by the mortgagee to the mortgagor for the full amount of the indebtedness actually and in good faith incurred under and secured by the mortgage, not exceeding, however, the maximum amount as the mortgagee is obligated to loan or advance by the terms of the mortgage, and of which the recorded mortgage affords constructive notice. Such mortgage is a potential lien for the full amount' the mortgagee is obligated to advance under its terms. See Moroney’s Appeal, 24 Pa. 372; Platt v. Griffith, 27 N. J. Eq. 207; Chesseborough v. Asheville Sanatorium, 134 N. C. 245, 46 So. E. R. 494; McAdams v. Piedmont Trust Co., 167 N. C. 494, 83 So. E. R. 623, Ann. Cas. 1916 B, 669; Creigh Sons & Co. v. Jones, 103 Neb. 706, 173 N. W. R. 687; Culmer Paint & Glass Co. v. Gleason, 42 Utah 344, 130 Pac. R. 66; Ladue v. Detroit etc. R. Co., 13 Mich. 380, 87 Am. Dec. 759. See also the notes to H. F. Cady Lumber Co. v. Miles, 96 Neb. 107, 147 N. W. R. 210, Ann. Cas. 1916 B 632; 41 C. J. 502 (430);
 
 Id.,
 
 p. 525 (465); Jones on Mortgages (7th ed.) 364
 
 et seq.)
 
 Id., 375; Jones on Liens (3rd ed.) 1459.”
 

 In Franklin Savings & Loan Company v. Fisk, et al., 98 Fla. 683, 124 So. R. 42, the syllabus by the Court is:
 

 
 *1200
 
 “Where mortgage securing building loan payable as building progressed was executed on March 17,1926, and was recorded on March 23, 1926’ and laborer commenced furnishing labor and materials to mortgagor on June 15, 1926, and completed his work on September 24, 1926, and filed notice of lien for record on November 20, 1926,
 
 held
 
 that mortgage was entitled to priority over mechanic’s lien, although mortgagee paid final installment of mortgage after lienholder had completed his work, as installment mortgage takes priority as lien from date of its record and not from date of disbursements by mortgagee for full amount of indebtedness. ’ ’
 

 There is no allegation in the bill of complaint in this case which brings it within the purview of the rule enunciated in either of the cases last above cited. The plea is also good as to Beulah Rose Nelson, formerly Beulah Rose Weaver, unless it be that she is estopped from denying the validity of the lien by reason of having accepted the fruits- and benefits of the proceeds of the mortgage. The question of estoppel is not raised by the pleadings or in the brief.
 

 All that appears from the face of the record is-that R. W. Weaver made a note for $15,000.00, together with a mortgage on his homestead to secure the same; that he was joined by his wife in making the note and mortgage; that the note and mortgage were executed to Telfair Stockton & Company, a corporation; that the note and mortgage were dated June 1st, 1926, and appear to have been executed, according to acknowledgment of the notary public, on the 13th day of June, 1926, and filed for record on the 2nd day of July, 1926; that R. W. Weaver died on the 8th day of July, 1926; that after the death of Weaver and the qualification of an executor of his last will and testament the mortgage was transferred and assigned to New York
 
 *1201
 
 Life Insurance Company. It was thereupon again transferred and assigned to Stockton Mortgage Company and, according to the plea, that no money or other consideration passed to E. W. Weaver or to anyone else in his behalf during his lifetime for the execution and delivery of such mortgage.
 

 There is nothing to show that there was an agreement between the parties at the time of the execution and delivery of the mortgage; that the same was made and delivered to secure future advances to be made and that such advances were made in accordance with such agreement.
 

 For the reasons stated, the order appealed from should be reversed and the cause remanded with directions that the complainant be allowed a reasonable time, to be fixed by the chancellor, to amend its bill of complaint or to file replication to the plea, if it so desires, and that thereupon the defendants be allowed time in which to plea to such amended bill of complaint or replication in such manner as they shall deem proper. In the event complainant shall fail or refuse'to plead further, the chancellor shall enter an order sustaining the plea. It is so ordered.
 

 Eeversed and remanded.
 

 Whitfield, P. J., and Strum, J., concur.
 

 Terrell, C. J., and Ellis and Brown, J. J., concur in the opinion and judgment.