STOCKTON MORTGAGE CO. v. BEULAH ROSE NELSON, *et al.*

154 So. 333.
Opinion Filed April 24, 1934.

*C. V. McClurg,* for Appellant;

*Ira C. Hopper,* for Appellees.

PER CURIAM.—On November 12, 1930, this Court reversed an order overruling a plea in equity interposed to a bill filed in the Circuit Court of Polk County for the purpose of foreclosing a mortgage. The reversal was with leave to complainant to amend his bill or file a replication to defendant's plea, with respect to the legal principles enunciated in that decision. See Nelson v. Stockton Mortgage Co., 100 Fla. 1191, 130 Sou. Rep. 764. The present

appeal is from two subsequent orders of the Circuit Court dismissing an amended bill filed April 2, 1931, and dismissing a further amended bill filed July 10, 1931.

The bill of complaint as amended July 10, 1931, sets up an agreement between the mortgagor, Weaver, and Telfair Stockton & Company, the mortgagee, for temporary retention by the latter of the proceeds of the mortgage which was executed by the mortgagor on his homestead shortly prior to his death, as referred to in the former opinion of this Court.

On the former appeal in this case this Court made the observation that, "It is impossible to determine the rights of the parties on the pleadings as presented here," in view of the fact that it was found by this Court that at the time there was no allegation in the bill of complaint to show that at the time the mortgage was executed and delivered there was an agreement between the parties by which the consideration for the mortgage constituting the mortgage debt was to be passed to the mortgagor or to anyone else in his behalf during his lifetime.

The amendment made to the bill under date of July 10, 1931, was sufficient to present an equity to the effect that, although no money or other consideration may have actually passed to the mortgagor, R. W. Weaver, or to anyone else in his lifetime for the execution and delivery of the mortgage, nevertheless it was during mortgagor's lifetime understood and agreed between the parties to the mortgage that the consideration for it should remain a fund in the hands of the mortgagee to be disbursed during mortgagor's lifetime for the mortgagor's benefit in payment of certain charges, encumbrances and liens against the property mortgaged, including such part of the purchase price of the real estate as would be necessary to vest the fee simple title to

the mortgaged real estate in Weaver, the mortgagor, so as to constitute the mortgage a first lien on the property.

The fact that the mortgagor died before any or all of the agreed disbursements could be actually accomplished, did not destroy the legal effect of the mutual agreement, if such there was, to the effect that the proceeds of the mortgage should be converted into a trust fund to be disbursed for mortgagor's benefit during mortgagor's lifetime.

Such an understanding would have been binding on Weaver had he lived. The fact that he died before the agreement was fully performed is immaterial. Weaver's heirs at law can "inherit" no greater rights in the subject of the mortgage as against the mortgagee, than Weaver himself could have asserted had he lived. This is true at least as respects so much of the mortgagee's claim as represents moneys actually used for paying up the purchase price of the mortgaged land in order to confirm mortgagor's title to the mortgage security.

The mortgage contained a warranty effective during mortgagor's lifetime to the effect that it was to be a first lien. Therefore an agreement that mortgagee should retain and disburse moneys due mortgagor, but necessary to be used to pay for the land, was in present performance and execution of the mortgagor's own agreement for good title. Such performance occurred during mortgagor's lifetime and to that extent at least created a valid debt or obligation which the mortgage was sufficient to secure, even after mortgagor's death before the remainder could be carried out.

The order entered by the Chancellor dated July 10, 1931, is reversed and the cause remanded for further proceedings according to law as herein and heretofore decided on appeals to this Court.

Reversed and remanded.

DAVIS, C. J., and WHITFIELD, ELLIS, TERRELL and BUFORD, J. J., concur.