86 So.2d 432 (1956)
Mae B. SEEBA and Harold F. Seeba, her husband, Appellants,
v.
Alice C. BOWDEN and I. Beverly Nalle, as Administrators of the Estate of James U. Bowden, deceased, Appellees.
Supreme Court of Florida. Division B.
March 28, 1956.
Harry H. Martin, Jacksonville, for appellants.
Patterson, Freeman, Richardson & Watson, Jacksonville, for appellees.
O'CONNELL, Justice.
The appellants, Mae B. Seeba and her husband, Harold F. Seeba, were defendants in an ejectment action brought by the appellees, Alice C. Bowden and I. Beverly Nalle, as administrators of the estate of James U. Bowden, deceased. After a jury verdict for defendants, the Seebas, appellants in this court, the appellees filed a motion for new trial. From an order granting their motion, this appeal has been prosecuted.
*433 In view of the limited issues on such an appeal, the facts of the case need be considered only insofar as material to the alleged errors in admission and exclusion of testimony under the "Dead Man's Statute," F.S. § 90.05, F.S.A., upon which the court below based its order for new trial. Sec. 59.07, F.S. 1953, F.S.A.
The object of the suit by the appellee administrators was to recover possession of certain property formerly owned by appellant Mae Seeba's father, R. Fleming Bowden. James U. Bowden, deceased, on behalf of whose estate the appellees make their claim, was a son of R. Fleming Bowden. The property in question was the homestead of R. Fleming Bowden at the time of his death in 1934. The decedent, his son James, was the chief beneficiary under his father's will, which provided that Mae should receive a legacy of personalty and certain other realty if she would, within six months after his death, deed her share in the homestead to her brother James. She did in fact convey her interest therein to him approximately one year after their father's death, but made the contention (as to which her husband Harold was permitted to testify, over appellees' objection) that James orally reconveyed to her at the time.
After R. Fleming Bowden's death, appellants and James lived at the homeplace until James' marriage, and appellants remained in possession thereafter. The appellee Nalle was called as a witness and identified certain documentary evidence, including a receipt by Mae Seeba for the above mentioned legacy under her father's will, and a deed by her covering the realty received thereunder.
Only two grounds of the appellees' motion were specified by the court in its order granting new trial: first, that it was error to admit the testimony of Harold Seeba under the provisions of Section 90.05, supra; and second, that Giles Patterson, attorney, should have been allowed to testify for the appellants, which the court refused to allow him to do.
The general rule, with respect to exclusions under Section 90.05, is clear: "To be excluded from testifying by reason of interest in the event of the action or proceeding, under this statute, the witness must be so interested in the result of the suit that he will gain or lose directly or immediately thereby." Applying this test to the instant case, the trial court was correct in concluding that the testimony by Harold Seeba should have been excluded. As a defendant in ejectment, in actual possession of the premises (jointly with his wife) his interest in the result of the suit was real and substantial. Without regard to his acquiescence in his wife's claim of title, he would obviously suffer, of necessity, a direct and immediate loss from a judgment of ouster, and in addition might be subjected to liability for money damages. See Dorminy v. Russell, 182 Ga. 635, 186 S.E. 679; Nalley Land & Investment Co. v. Merchants & Planters Bank, 187 Ga. 142, 199 S.E. 815; Kester v. Bostwick, 153 Fla. 437, 15 So.2d 201.
Upon common-law principles, which are preserved by the statute in this situation, Shoemaker v. Powers, 78 Fla. 20, 82 So. 751, liability for costs alone on the part of a party of record was deemed sufficient "interest" to affect his competence as witness with regard to a transaction with a decedent. Patterson v. Cobb, 4 Fla. 481, 485. This suggests, although a decision on the point is not here required, that the statutory disqualification of any "party to such action or proceeding," is not limited to necessary or indispensable parties. Section 90.05, supra. Adams v. Board of Trustees, 37 Fla. 266, 20 So. 266. Cf. 58 Am.Jur. 179. Annotation 172 A.L.R. 715.
The appellants' contentions as to an alleged waiver of the disqualification in the instant case, by a witness' introduction of documentary evidence in the matter, can be disposed of on the general principle that "a witness may testify to facts of which he has knowledge independently of any transaction with the deceased although they may relate to or grow out of a transaction with which he is concerned." 58 Am.Jur., Witnesses, *434 Sec. 238; Fields v. Fields, 140 Fla. 269, 191 So. 512.
Appellants suggest that the statutory disqualification can be invoked only in proceedings in which the class of persons protected thereby are not the moving parties. This contention is untenable, the statute having been previously applied in many cases to exclude testimony against the representative for a decedent, where such representative was the moving party. Home Ins. Co. of New York v. Handley, 120 Fla. 226, 162 So. 516.
The remaining point, as to the exclusion of the appellees' attorney's testimony concerning transactions with the deceased about his will, must be resolved in favor of the witness' competence, upon clear rulings in prior decisions of this Court. Nelson v. Stockton Mfg. Co., 129 Fla. 69, 175 So. 770; Parker v. Priestly, Fla., 39 So.2d 210; 58 Am.Jur., Witnesses, Sec. 368, Sec. 522. Appellants urge that inasmuch as there was no proffer of the testimony of Mr. Patterson, no error can be shown by the refusal by the trial court to allow him to testify. This court has said that where there is no proffer of excluded testimony and therefore no opportunity presented to this court to determine whether the testimony was competent, material or relevant, no error is shown. Atlantic Coast Line R. Co. v. Shouse, 83 Fla. 156, 91 So. 90. However, a proffer is unnecessary "where the offer would be a useless ceremony, or the evidence is rejected as a class, or where the court indicates such offer would be unavailing. * * or that the witness is incompetent, * * *." 88 C.J.S., Trial, § 74, p. 180.
For the reasons above cited it is our opinion that no error was committed in granting a new trial, and therefore the order appealed from is
Affirmed.
DREW, C.J., and ROBERTS and THOMAS, JJ., concur.