DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**RAPID SURPLUS REFUND LLC,**
Appellant,

v.

**RYAN & RICK, LLC, WEEEEE LLC, JAMES M. STANGER,
PENTHOUSE NORTH ASSOCIATION, INC.,**
and **PETER BERKMAN ATTORNEY AT LAW,**
Appellees.

Nos. 4D2024-0079 and 4D2024-1182

[October 2, 2024]

Consolidated appeals from the County Court for the Seventeenth Judicial Circuit, Broward County; Terri-Ann Miller, Judge; L.T. Case No. COSO22005719.

Brenda Cox of Brenda Cox, P.A., Boca Raton, for appellant.

Benjamin C. Haynes of Haynes Law Group, P.A., Longwood, for appellee Ryan & Rick, LLC.

LEVINE, J.

Appellant argues that the trial court erred by granting Ryan & Rick, LLC's motion to disburse surplus funds following foreclosure because Ryan & Rick had a mortgage superior to that of the foreclosing plaintiff's mortgage. We agree. We find that Ryan & Rick was not a subordinate lienholder entitled to surplus funds following judicial sale of the property. Thus, we reverse and remand.

The date a mortgage is recorded governs priority. *Guar. Title & Tr. Co. v. Thompson,* 113 So. 117, 120 (Fla. 1927) ("[T]he general rule of priority is that the lien which is first in time is first in right."); *Mortg. Assets Mgmt., LLC v. Terraces/Banyan - 2, Inc.,* 326 So. 3d 1140, 1141 (Fla. 4th DCA 2021). "An instrument bearing the lower number in the then-current series of numbers shall have priority over any instrument bearing a higher number in the same series." § 695.11, Fla. Stat. (2023). Ryan & Rick's mortgage was recorded before the foreclosing plaintiff's mortgage and bore a lower instrument number than the foreclosing plaintiff's mortgage.

Thus, Ryan & Rick's mortgage was superior to the foreclosing plaintiff's mortgage.

As a superior lienholder, Ryan & Rick was not entitled to surplus funds following the foreclosure sale. Section 45.032, governing "[d]isbursement of surplus funds after judicial sale," states that "[t]here is established a rebuttable legal presumption that the owner of record on the date of the filing of a lis pendens is the person entitled to surplus funds after payment of subordinate lienholders who have timely filed a claim." § 45.032(2), Fla. Stat. (2023). A "subordinate lienholder" is defined as "the holder of a subordinate lien shown on the face of the pleadings as an encumbrance on the property. . . . A subordinate lienholder includes, but is not limited to, a *subordinate mortgage,* judgment, tax warrant, assessment lien, or construction lien." § 45.032(1)(b), Fla. Stat. (emphasis added). Ryan & Rick does not constitute a subordinate lienholder because its mortgage was not subordinate to the foreclosing plaintiff. The trial court erred in awarding surplus funds to Ryan & Rick. *Garcia v. Stewart,* 906 So. 2d 1117, 1121 (Fla. 4th DCA 2005) ("Because senior lienors' rights are unaffected by foreclosure, holders of liens which are senior in priority have no right to share in a surplus produced by the foreclosure of a junior mortgage.").

Appellant, as the assignee of the owner of record on the date of the filing of the lis pendens, is entitled to the remaining surplus funds. *See Goetz v. AGB Tampa LLC,* 335 So. 3d 228, 232 (Fla. 2d DCA 2022) ("The Bank was neither an owner of record nor a subordinate lienholder, and it made no attempt to rebut the statutory presumption in favor of Ms. Goetz, who undisputedly was the owner of record on the date the Association filed its notice of lis pendens. Consequently, Ms. Goetz is entitled to the surplus proceeds as a matter of law."). Since there were no other remaining subordinate lienholders who had filed a claim to the remaining surplus funds, appellant is entitled to the surplus funds as a matter of law. We reverse and remand for further proceedings consistent with this opinion.

*Reversed and remanded with instructions.*

KLINGENSMITH, C.J., and GERBER, J., concur.

\*          \*          \*

**Not final until disposition of timely filed motion for rehearing.**

2