## UNION TERMINAL CO. et al. v. TURNER CONST. CO.

(Circuit Court of Appeals, Fifth Circuit. January 25, 1918.)

### No. 3104.

1. MORTGAGES ☞173—LIEN AND PRIORITY—MORTGAGE AND MECHANIC'S LIEN.
   Where a contractor for the construction of buildings had knowledge that the money for the buildings was to be borrowed from a trust company and to be secured by mortgage on the property, and by its contract was to be paid a specified part of the contract price by the trust company, it is not entitled to a lien prior to the company's mortgage for any amount remaining due on its contract which, together with the payments received from the trust company, would be in excess of such specified sum, although the mortgage was not recorded until after the work was begun.

2. CONSTITUTIONAL LAW ☞248—MECHANICS' LIENS ☞310(1)—EQUAL PROTECTION OF LAWS—STATUTE ALLOWING ATTORNEY'S FEES.
   Gen. St. Fla. 1906, § 2218, which provides that the plaintiff in a suit to enforce a mechanic's or materialman's lien, if successful, shall recover an attorney's fee, regardless of whether or not he recovers the amount sued for, is unconstitutional, as denying to defendants in such suits the equal protection of the laws.

Appeal from the District Court of the United States for the Southern District of Florida; Rhydon M. Call, Judge.

Suit in equity by the Turner Construction Company against the Union Terminal Company and another. Decree for complainant, and defendants appeal. Modified and affirmed.

J. T. G. Crawford, of Jacksonville, Fla. (H. B. Hurd, of Chicago, Ill., on the brief), for appellants.

Sam R. Marks, of Jacksonville, Fla. (Marks, Marks & Holt, of Jacksonville, Fla., on the brief), for appellee.

Before WALKER and BATTS, Circuit Judges, and EVANS, District Judge.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

BATTS, Circuit Judge. The Union Terminal Company negotiated with the Central Trust Company of Illinois, for funds with which to construct warehouses and other improvements at Jacksonville, and, contemporaneously, with the Turner Construction Company of New York, to construct the buildings. The latter company knew of the negotiations with the Trust Company, and had notice of the fact that the Trust Company was to furnish the money, or most of the money, required for the construction, and that the amount was to be secured by a lien upon the buildings. It was agreed that $205,000 of the amount to be furnished by the Trust Company was to be paid over to the Construction Company. As the work progressed, payments were made of 85 per cent. of the estimates. The balance was put in the Barnett Bank, and at the time of the institution of the suit this deposit amounted to $20,219.98. A part of the contract price for the construction not having been paid, suit was instituted by the Turner Construction Company against the Union Terminal Company for the balance due. The Central Trust Company, having been made a party, set up its mortgage. The Construction Company asserted a materialman's lien, claiming that, by the making of the contract, the furnishing of material, and the beginning of work prior to the record of the mortgage of the Central Trust Company, it fixed a lien superior to that of the mortgage.

The Construction Company had knowledge of the mortgage, and of the arrangement made by the Warehouse Company for financing the building, and participated in its benefits. It was to have received the sum of $205,000 from the fund to be provided by the Trust Company, and actually received $140,695.89, and is to get the benefit of $20,219.98 deposited in the Barnett Bank, as the retained 15 per cent. on estimates. A judgment was given the Construction Company against the Union Terminal Company for $78,370.45, with interest at 8 per cent. per annum from August 15, 1913, and 10 per cent. attorney's fees. Of this amount $44,084.13, with interest and attorney's fees, was adjudged a first lien on the property, and $34,286.32.thereof, with interest and attorney's fees, a lien subject to the mortgage of the Central Trust Company. The $44,084.13 was the difference between the amount to have been received by the Turner Construction Company from the Central Trust Company and the amount actually paid by the latter. With interest and attorney's fees the aggregate is $60,-767.36.

The Construction Company now contends that all of its debt should have been given a first lien, upon the ground that its rights were fixed prior to the record of the mortgage of the Trust Company. It also insists that to the judgment should be added an amount equal to the deposit in the Barnett Bank. The Central Trust Company objects to the judgment, upon the ground that interest and attorney's fees ought not to have been included in the amount for which a preferential lien was given.

[1] The contention of the Turner Construction Company, based on the record of the mortgage after the beginning of the work, is without merit. This concern knew that the Trust Company was to furnish

the money, and looked to it for $205,000 of the contract price. It must have known that the intention was to secure the advances made by the Trust Company to the Warehouse Company by the mortgage on the property of the latter company. With this notice it accepted more than $140,000 of the money furnished by the Central Trust Company, and judgment has been given it for the difference between the amount paid for its benefit and the $205,000 it was to have received from the Trust Company. It has no cause to complain of this part of the judgment. As to the amount in the Barnett Bank, the Construction Company is entitled to its receipt, and the judgment herein should be so reformed as to require its payment to the Construction Company. The bank is not a party to this suit, but an order may be issued to the Warehouse Company to join the Construction Company in the execution of a joint check to cover the amount.

The objection of the Central Trust Company to the allowance of interest in the preference lien will be held without merit, inasmuch as the money was in possession of the bank during the period for which interest is charged, and it was held under conditions which did not preclude the Trust Company from receiving interest on it, and was not paid to the Construction Company when it should have been paid.

[2] Attorney's fees were awarded upon an act of Florida of 1903 (chapter 5143), entitled:

"An act to provide liens for materialmen, mechanics, artisans and laborers, and to provide the manner in which such liens shall be acquired and to provide a remedy for the enforcement of such liens."

Section 17 of this act, constituting section 2218 of the General Statutes of Florida of 1906, is to this effect:

"If the plaintiff shall prevail, the court shall allow him reasonable attorney's fees, to be fixed by the court, not to exceed $10, if the amount recovered do not exceed $100, and not to exceed 10 per cent. of any recovery greater than $100."

The statutes of Florida do not make like provisions for any other character of cases. Similar statutes with reference to attorney's fees in favor of materialmen and laborers have been passed in Montana, Illinois, Washington, California, Colorado, Kansas, Ohio, Alabama, Utah, Wyoming, Michigan, and Oklahoma, in all of which states the provision, in so far as it applies to the materialmen, has been held in violation of the Fourteenth Amendment to the Constitution of the United States. Like statutes in Idaho, Oregon, New Mexico, Indiana, and Florida have been maintained. The question has not come directly before the Supreme Court of the United States, nor has it been passed on in any other federal court. In the case of C., C. & S. F. Ry. Co. v. Ellis, 165 U. S. 150, 17 Sup. Ct. 255, 41 L. Ed. 666, a Texas statute, providing that reasonable attorney's fees might be recovered against railroad companies on claims not exceeding $50 for labor, etc., was held unconstitutional. The Supreme Court used this language in disposing of the case:

"The act singles out a certain class of debtors and punishes them, when for like delinquencies it punishes no others. They are not treated as other debtors,

or equally with other debtors. They cannot appeal to the courts as other litigants under like conditions and with like protection. If litigation terminates adversely to them, they are mulcted in the attorney's fees of the successful plaintiff; if it terminates in their favor, they recover no attorney's fees. It is no sufficient answer to say that they are punished only when adjudged to be in the wrong. They do not enter the courts upon equal terms. They must pay attorney's fees if wrong; they do not recover any if right; while their adversaries recover if right and pay nothing if wrong. In the suits, therefore, to which they are parties, they are discriminated against, and are not treated as others. They do not stand equal before the law. They do not receive its equal protection."

After the decision in the Case of Ellis, the statutes of Texas were amended; and in the case of M., K. & T. Ry. Co. v. Cade, 233 U. S. 642, 34 Sup. Ct. 678, 58 L. Ed. 1135, the court held the amended act constitutional. The amended act had application to any person or corporation, gave the attorney's fees only in case the full amount of the claim was established, confined its application to personal services rendered, for material furnished, for overcharges on freight, and for stock killed or injured, and limited the amount of the recovery of attorney's fees to $20. This act was sustained as "a police regulation, designed to promote the prompt payment of small [but well-founded] claims, and to discourage unnecessary litigation in respect to them."

In so far as the claim of the Construction Company for attorney's fees in this case is concerned, the statute of Florida would be open to every objection pointed out in the Ellis Case, and would have none of the merits indicated in the Cade Case.

The statute in question requires the allowance of attorney's fees, though the claim asserted by the suit is an excessive one. If the amount of the attorney's fees required to be allowed to the plaintiff is more than that of the difference between what he claimed and what he recovers, the result is to give him the unconscionable advantage of being able to make it cheaper for the defendant to forego his rights than to assert them. The statute not only undertakes to give to plaintiffs, in the character of suits mentioned, a right not accorded to plaintiffs in other suits, but it discriminates between plaintiffs and defendants in the suits to which it applies, in that the former may resort to litigation at the latter's expense, though only a fraction of the amount claimed is recoverable, while the latter is subjected to the expense of an attorney's fee, though he is wholly or partially successful in the suit. The result of the statute passed on in the last case cited (M., K. & T. Ry. Co. v. Cade) is to protect a class having claims small in amount from losing all or a substantial part of what is due them in doing what is required to get it. Those who claim more than is due them get no benefit from that statute. An effect of the statute now under consideration is to make defendants in only one class of suits chargeable with expenses incurred by plaintiffs who sue for more than they are entitled to recover, with the result that the defendant, though he successfully controverts the amount of the claim made against him, may be required to pay more than he owes, or than the plaintiff claimed.

Under the weight of authority in the state courts, under the reasoning of the Supreme Court of the United States, and because of the results detailed, we hold the Florida statute unconstitutional. The judgment of the Construction Company against the Warehouse Company should be reduced the amount of the attorney's fees allowed, with corresponding reduction of the preferential lien.

The judgment should be made to conform to the views herein expressed, and it is accordingly reformed and affirmed, with costs against the appellee.