### TURNER CONST. CO. v. UNION TERMINAL CO. et al.

(Circuit Court of Appeals, Fifth Circuit. January 25, 1918.)

No. 3144.

1. EQUITY ⟲128—PLEADING—ADMISSIONS—EFFECT OF.

Where complainant's bill to enforce a mechanic's lien alleged that named persons had some interest in the premises, either as mortgagees or purchasers, but alleged that such mortgage was inferior to the lien, and the evidence indicated that the existence of the mortgage was uncontroverted, complainant cannot attack the decree because of the absence of formal proof of the mortgage; his pleading amounting to an admission of its existence.

2. EQUITY ⟲427(3)—PLEADING—PRAYER FOR RELIEF.

In suit to enforce mechanic's lien on mortgaged premises, where it appeared that the mortgagee advanced sums to the owner, and that a portion of this was deposited to the joint account of the owner and complainant, subject to withdrawal on their joint check, being so held as a guaranty of performance, complainant is, under his prayer for general relief, entitled to an order directing the owner to join in executing a check to enable complainant to withdraw funds.

Appeal from the District Court of the United States for the Southern District of Florida; Rhydon M. Call, Judge.

Suit by the Turner Construction Company against the Union Terminal Company and others. From the decree, granting part only of the relief sought, complainant appeals. Modified and affirmed.

⟲For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Sam R. Marks, of Jacksonville, Fla. (Marks, Marks & Holt, of Jacksonville, Fla., on the brief), for appellant.

J. T. G. Crawford, of Jacksonville, Fla. (H. B. Hurd, of Chicago, Ill., on the brief), for appellees.

Before WALKER and BATTS, Circuit Judges, and EVANS, District Judge.

WALKER, Circuit Judge. [1] This is an appeal by the Turner Construction Company from a final decree rendered in a suit brought by it to enforce a builder's or mechanic's statutory lien for the balance alleged to be due and unpaid for labor and material furnished by the appellant under a contract between it and the Union Terminal Company (which will be called the owner). William T. Abbott and the Central Trust Company of Illinois were made defendants; the bill alleging:

"That the said William T. Abbott and the said Central Trust Company of Illinois have or claim some interest in the said premises as purchasers, mortgagees, mortgagees in trust for parties unknown, judgment creditors, or otherwise, the precise nature whereof is unknown to your orator; but such interests, if any there be, accrued with notice of your orator's said claim, and have so accrued as to be, and they are, subject to the lien of your orator as aforesaid."

The answer of Abbott and the Central Trust Company of Illinois to the bill averred the execution by the owner to them as trustees of a mortgage or deed of trust on the property described in the bill to secure $240,000 of bonds and interest thereon, and set up that the claim asserted by the plaintiff is subject and subordinate to the lien created by the mortgage or deed of trust. A copy of that instrument, with a certificate thereon showing that it was duly filed for record, was made an exhibit to the answer. Formal proof of the mortgage was not made, but the record in the case shows that it was mentioned by plaintiff's counsel and in testimony for the plaintiff as if its existence was not questioned.

We think the pleading and evidence in the case were such as to preclude the appellant from now raising a question as to the existence of the mortgage or deed of trust. The above-quoted averments of the bill amounted to an admission that the defendants mentioned therein had an interest in the property sought to be subjected to the lien asserted by the bill, and no issue with reference to that interest was tendered, except by the averment to the effect that it was subordinate to the lien asserted by the bill. A party cannot be heard to impeach a judgment or decree because of the absence of formal proof of a fact which his pleadings and evidence in the case show was admitted or treated as uncontroverted.

[2] By dealings between the appellant and the Central Trust Company, the lien of the former was subordinated to that of the latter as to so much of the amount payable to the former under its contract as was in excess of $205,000, the amount the Trust Company agreed to supply for the labor and material done or furnished. By the decree

appealed from the appellant was adjudged to have a lien, superior to that of the mortgage or deed of trust, for the amount of the difference between $205,000 and the amount the Trust Company had actually paid. Part of the amount paid by the Trust Company to the owner was not received by the appellant, but, under an agreement between it and the owner, was deposited in their joint names in a bank, for the purpose of guaranteeing appellant's faithful performance of its contract; the agreement providing for the parties to it signing a check, payable to the order of the appellant, for the amount of the deposit when the final payment under the building contract should become due and payable to the appellant. The amount deposited in the bank was credited to the Trust Company as a payment made by it, and was included in the amount decreed against the owner; but the decree made no provision for withdrawal of the amount from the bank and the payment of it to the appellant. In that respect the decree failed to give the appellant relief to which its prayer for general relief entitled it under the findings made. The parties whose joint check was required to get the amount deposited in bank were before the court and subject to its orders.

The conclusion is that the decree appealed from should be modified, by inserting an order requiring the Union Terminal Company, one of the appellees, within 15 days after the filing in the District Court of the mandate of this court to join the appellant in signing a check on the Barnett National Bank of Jacksonville, Fla., for the amount on deposit therein to the joint credit of the two parties just mentioned. As so modified, the decree, in so far as it is brought into question by the appellant, is affirmed, with costs against the appellee Union Terminal Company. The disposition of the appeal of the Union Terminal Company from the same decree is shown in the opinion rendered in Union Terminal Co. v. Turner Construction Co., 247 Fed. 727, —— C. C. A. —— (U. S. Circuit Court of Appeals, 5th Circuit, present term).

Modified and affirmed.