**SCOTT M. LOFTIN and W. R. KENAN, JR., as Receivers of the Florida East Coast Railway Company v. CROWLEY'S INC., a Florida Corporation for its own benefit and also for the use and benefit of United Mutual Fire Insurance Company, a Massachusetts Corporation.**

8 So. (2nd) 909             En Banc
June 23, 1942

Loftin, Calkins, Anderson & Scott and Russell L. Frink, for plaintiffs in error.

Blackwell & Walker, for defendant in error.

BUFORD, J.:

Writ of error brings for review judgment in favor of the plaintiff in a suit wherein plaintiff sought to recover damages resulting from the destruction of a truck-trailer and cargo occurring in a collision between the defendant's locomotive and plaintiff's truck and trailer.

It is conceded that the comparative negligence statute Sec. 4965 R.G.S., 7052 C.G.L., which is as follows:

"When recovery of damages forbidden.—No person shall recover damages from a railroad company for injury to himself or his property, where the same is done by his consent, or is caused by his own negligence. If the complainant and the agents of the Company are both at fault, the former may recover, but the damages shall be diminished or increased by the jury in proportion to the amount of default attributable to him.", was applied in the determination of the issues and in the rendition of the verdict and judgment.

It is also apparent from the record that the provisions of Sec. 4964 R.G.S., 7051 C.G.L., which is as follows:

"A railroad company shall be liable for any damage done to persons, stock or other property, by the running of locomotives, or cars, or other machinery, of such company, or for damage done by any person in the employ and service of such company, unless the company shall make it appear that their agents have exercised all ordinary and reasonable care and diligence, the presumption in all cases being against the company.", were applicable and were applied by the court in the instant case.

The plaintiff in error brings one question for our determination, which is stated as follows:

"Do Sections 7051 and 7052, Compiled General Laws, 1927, enacted more than fifty years ago, offend against the Constitutions of the United States and the State of Florida in that they deny to the operators of railroad trains the equal protection of the laws afforded to operators of motor vehicles, both agencies having been declared by this Court to be dangerous instrumentalities, and the dangers incident to hazard-

ous operations having been declared by this Court to be the basis of the classification upon which such statutory liability was predicated?"

It is apparent that plaintiff in error relies upon our opinion and judgment in the case of A.C.L.R. Co. v. Ivey, 148 Fla. 680, 5 Sou. (2) 244, to sustain its contention that the statutory provisions, supra, have become unconstitutional because of the advent of motor vehicle common carriers on the public highways.

The opinion and judgment in the Ivey case is not controlling here. In that case we were dealing with a statute which imposed penalties on one class of common carrier which were not imposed on another class performing the same service in the same localities. While here we are dealing with one statute, Sec. 7051, supra, which is merely a statutory rule of evidence. The enactment of such statutes is within the general powers of government. See Mobile J&KC R. Co. v. Turnipseed, 219 U.S. 351, 55 L. Ed. 78, 31 Sup. Ct. 136, 32 L.R.A. (N.S.) 226, Ann. Cas. 1912A 463, 2 NCCA 243, and cases there cited. Also see S.A.L. Ry. Co. v. Mosely, 60 Fla. 186, 53 Sou. 718; Powell v. Jackson Grain Co., 134 Fla. 596, 184 Sou. 492. And, we are dealing with another statute, Sec. 7052, supra, which is a statute based on classification and, in effect, provides that a railroad company when operating as such may be required to answer in damages for its negligence although the claimant also contributed by his negligence to the injury. It is contended that because this statute provides for recovery in favor of the plaintiff against a railroad company although the plaintiff may be guilty of contributory negligence resulting in the injury and does not like-

wise apply to common carriers operating motor vehicles on the highways, it thereby creates an unlawful discrimination between motor vehicle carriers and rail carriers and denies an equal protection of the law and, therefore, violates both Federal and State Constitutions.

It is well settled that the guaranty of equal protection of the law does not deny to a legislature the right to classify along reasonable lines. See DeSoto Motor Corp. v. Stewart, 62 Fed. (2) 914, and cases there cited. Also A.C.L. R.R. Co. v. Ford, 53 Sup. Ct. 249, 287 U.S. 507, 77 L. Ed. 457 and cases there cited.

In the case now under consideration we are not required to determine whether or not the provisions of Sec. 7052 should be applied with the same effect in a case where the railroad is plaintiff suing a defendant for damages resulting from injury alleged to have been inflicted on the property of the railroad company by a defendant operator of a motor driven vehicle, or in collision with a pedestrian.

In other words, we are not called upon here to determine whether the comparative negligence statute will apply whether the railroad company be plaintiff or defendant.

In this case the contention is that the provisions of Sec. 7052 cannot lawfully now be applied in a suit against the railroad company because such provisions are not applicable in suits against motor vehicle transportation companies on the highways.

It appears to us that the questions presented here were considered and disposed of properly in the well reasoned opinion in the case of DeSoto Motor Corp. v. Stewart, supra, in which that court cited with ap-

proval the case of S.A.L. R.R. Co. v. Watson, 53 Sup. Ct. 32, 77 L. Ed. 180, 86 A.L.R. 174.

In Missouri Pacific Railway Co. v. Ozro Castle, 224 U.S. 541, 32 Sup. Ct. 606, 56 L. Ed. 875, the Court, speaking through Mr. Chief Justice WHITE, said:

"This Court has repeatedly upheld the power of a state to impose upon a railway company liability to an employee engaged in train service for an injury inflicted through the negligence of another employee in the same service. Missouri P. R. Co. v. Mackey, 127 U. S. 205, 32 L. Ed. 107, 8 Sup. Ct. Rep. 1161; Minneapolis & St. L. R. Co. v. Herrick, 127 U.S. 210, 32 L. Ed. 109, 8 Sup. Ct. Rep. 1176; Tullis v. Lake Erie & W. R. Co. 175 U. S. 348, 44 L. Ed. 192, 20 Sup. Ct. Rep. 136; Chicago K. & W. R. Co. v. Pontius, 157 U.S. 209, 39 L. Ed. 675, 15 Sup. Ct. Rep. 585; and Mondou v. New York, N. H. & H. R. Co. 223 U.S. 1, ante, 327, 32 Sup. Ct. Rep. 169.

Obviously, the same reasons which justified a departure from the common-law rule in respect to the negligence of a fellow servant also justify a similar departure in regard to the effect of contributory negligence, and the cases above cited in principle are therefore authoritative as to the lawfulness of the modification made by the 2nd section of the statute under consideration of the rule of contributory negligence as applied to railway employees. The decision in the Mondou Case, sustaining the validity of the Federal Employees' liability act, practically forecloses all question as to the authority possessed by the state of Nebraska by virtue of its police power to enact the statute in question, and to confine the benefits of such legislation to the employees of railroad companies; and as, at the time the plaintiff received the

injuries complained of, there was no subsisting legislation by Congress affecting the liability of railway companies to their employees, under the conditions shown in this case, the state was not debarred from thus legislating for the protection of Railway employees engaged in interstate commerce. See the Mondou Case, supra, and Chicago M & St. P. R. Co. v. Solan, 169 U. S. 133, 42 L. Ed. 688, 18 Sup. Ct. Rep. 289."

So it is, if we consider the two statutory provisions, supra, as if they had been enacted in 1941 instead of having been enacted in 1891, the question before us would not be changed. That question would be, whether or not the classification indulged by the legislature is founded upon a reasonable basis. It has been repeatedly pointed out that Section 1 of Article IX of the Constitution does not prohibit the legislature from making proper and reasonable classifications as long as such classifications are not arbitrary, unreasonable or unjustly discriminatory. See A.C.L. R. Co. v. Coachman, 59 Fla. 130, 52 Sou. 377; Hayes v. Walker, 54 Fla. 163, 44 Sou. 747; S.A.L. Ry. Co. v. Watson, 103 Fla. 477, 137 Sou. 719.

The plaintiff in error insists, however, that because the statute applies to rail carriers and not to motor vehicle carriers the classification is unwarranted. We cannot follow this contention. There is such a vast difference between the operation of the locomotives and cars on railroad tracks and the operation of motor driven carriers on the highways that there must necessarily be fields for legislation applicable to one which would not be applicable to the other.

Our conclusion is that the statutes, supra, do not create any unlawful discrimination nor do they offend

against the Federal or State constitutional guarantees of equal protection of the law.

The judgment is affirmed.

So ordered.

WHITFIELD, TERRELL, CHAPMAN and ADAMS, JJ., concur.

BROWN, C. J., and THOMAS, J., concur in conclusion.

WHITFIELD, J., concurring:

The State of Florida confers corporate rights as a common carrier upon, and grants eminent domain authority to, railroad companies and also confers a right upon such companies to demand reasonable rates for public services performed. Because of these and other special advantages and rights and by reason of the character of the facilities used and the nature of the public services to be performed by such companies, the law requires of them the exercise of a relatively high degree of care, efficiency and responsibility in the business of transporting persons and property to conserve the public safety. Such companies have severally, through their employees, officers and agents, peculiar knowledge of, and responsibility for, the details of their operating facilities and service in rendering the public service, in that they severally have control and management of all their facilities and employees in serving the public, subject to government supervision and regulation. In consideration of these and other cognate privileges and conditions, the sovereign State has authority by statute to provide that a proven injury to persons or property by the operation of a railroad company's "locomotives, or cars, or other machinery" affords a

presumption of negligence of the company's employees, officers or agents in causing the injury which presumption must be duly rebutted by evidence as the law provides, to avoid recovery of appropriate damages; and in order to enforce a high degree of efficiency and care and to avoid negligence in rendering the public service involving the safety of persons and property, the State has power also to require such companies to compensate proportionately for their negligence even though at common law the person who, or whose property, was injured was also negligent in causing the injury complained of; but there can legally be no recovery if the injured party solely caused the injury in person or through another under the doctrine of *respondeat superior*. Savannah, F. & W. Ry. Co. v. Geiger, 21 Fla. 669, 58 Am. Rep. 697; L. & N. RR. Co. v. Yniestra, 21 Fla. 700; Florida So. Ry. Co. v. Hirst, 30 Fla. 1, 11 So. 506, 32 Am. St. Rep. 17, 16 L.R.A. 631, 38 Am. Jur. 848-9; et seq. Florida Cent. & P. RR. Co. v. Foxworth, 41 Fla. 1, 25 So. 338, 79 Am. St. Rep. 149; Benedict Pineapple Co. v. A.C.L. RR. Co., 55 Fla. 514, 46 So. 732, 20 L.R.A. (N.S.) 92; Florida RR. Co. v. Dorsey, 59 Fla. 260, 52 So. 963, 45 C. J. 1037; Seaboard A. L. Ry Co. v. Mosely, 60 Fla. 186, 53 So. 718; A.C.L. RR. Co. v. Wallace, 61 Fla. 93, 54 So. 893; Warfield v. Hepburn, 62 Fla. 409, 57 So. 618; Grace v. Geneva Lbr. Co., 71 Fla. 31, 774; L. & N. RR. Co. v. Rhoda, 73 Fla. 12, 74 So. 19; Davis v. Cain, 86 Fla. 18, 97 So. 305; Second Employers' Liability Cases, 223 U.S. 1, 32 Sup. Ct. 169, 56 Law Ed. 327, S.A.L. Ry. v. Tilgham, 237 U.S. 499, 35, Sup. Ct. 653, 59 Law Ed. 1069, Secs. 7051-2 C.G.L.

The State has power to regulate the subject and the mere fact that similar public service is being

rendered in the same territory by bus and truck companies which operate under appreciably different conditions and circumstances, might within the lawmaking power and discretion be, but are not, included, does not make the classification of railroad companies in statutory provisions to serve a public safety purpose a denial of due process or of the equal protection of the laws under the Federal and State constitutions, the interstate commerce clause of the Federal Constitution not being involved. 12 Am. Jur. 512, p. 197 et seq.; 16 C.J.S. p. 1111. 99 Miss. 697, 55 So. 596.

The statute provides that railroad companies shall exercise a high degree of care to promote the public safety, and also provides that compensation shall be made for their share of negligent injuries to other parties who were also negligent. Such compensation is only for the railroad company's share in negligent injuries, and the company cannot justly complain of being denied the equal protection of the laws, because bus and truck companies are competitively rendering similar public services in the same territory under substantially different conditions and circumstances and are not included in the statutory classification of railroad companies, when the classification as in this case is not unreasonable nor essentially arbitrary and unfair as to railroad companies.

BUFORD, CHAPMAN and ADAMS, JJ., concur.