The sole question to be determined on this appeal is the constitutionality vel non of the provisions of Section 86.06, Florida Statutes 1941, F.S.A., authorizing the recovery of an attorney's fee by a successful claimant in a summary proceeding to enforce a laborer's lien against real or personal property when the laborer is in privity with the owner of such property.
Section 86.06, supra, was enacted into law by Chapter 12079, Laws of Florida 1927, which chapter re-enacted Section 3519 of the Revised General Statutes 1920, relating to the enforcement of laborers' liens, and added thereto an additional section to provide for a summary proceeding to enforce a laborer's lien, which summary-proceeding section is now carried on our statute books as Section 86.06.
The summary proceeding there provided for was held constitutional in State ex rel. Gore v. Chillingworth, 126 Fla. 645, 171 So. 649, 655, wherein this court, speaking through Mr. Justice Davis, held that the special statutory summary remedy for the enforcement of laborers' liens is consistent *Page 436 
with the constitutional requirement that "the Legislature shall provide for giving to mechanics and laborers an adequate lien on the subject-matter of their labor. Section 22, art. 16, Const. Florida."
In the Chillingworth case, the court did not have before it the question of the constitutionality of that particular portion of Section 86.06 awarding attorneys' fees to a successful claimant, which portion now concerns us; and, in fact, this court has not heretofore been called upon to give an opinion as to its constitutionality. It is true that this court has heretofore held unconstitutional a statute providing for the payment of attorneys' fees in suits to enforce mechanics' liens, including both materialmen's and laborers' liens, see Franklin Savings and Loan Company v. Fisk, 98 Fla. 683, 124 So. 42; Martin v. Rother,94 Fla. 205, 113 So. 713, on the basis of a decision of the Circuit Court of Appeals for the Fifth Circuit in Union Terminal Co. et al. v. Turner Const. Co., 1918, 247 F. 727, 11 A.L.R. 880, holding that Section 2218, General Statutes of Florida 1906, providing for the awarding of an attorney's fee in suits by materialmen, mechanics, artisans and laborers to enforce their liens, was unconstitutional as a violation of the Fourteenth Amendment to the Constitution of the United States.
The reasoning upon which the Union Terminal Co. case was decided was that of the United States Supreme Court in Gulf, C. 
S.F.R. Co. v. Ellis, 165 U.S. 150, 17 S.Ct. 255, 256, 41 L.Ed. 666, wherein a statute of the state of Texas, giving an attorney's fee of $10.00 to a successful claimant against a railroad corporation for personal services rendered or labor done, or for damages, etc., for claims not exceeding $50.00, was held unconstitutional. The Supreme Court stated in its opinion that the effect of this statute was simply to impose a penalty upon railroad corporations for failure to pay certain debts, while individuals or other corporations guilty of similar delinquencies were not thus punished. It was declared that under this statute the railroad corporations were not treated as other debtors "or equally with other debtors", that they could not appeal to the courts as other litigants under like conditions and with like protection, that if the litigation terminated adversely to them they were mulcted in the attorney's fees of the successful plaintiff, while if successful they recovered no attorney's fees, that they were therefore discriminated against and did not stand equal before the law.
The Texas statute was subsequently amended so as to apply to all persons and corporations, rather than to railroad corporations alone, and raising the maximum claim to $200.00, and as amended was held to be constitutional in the case of Missouri, Kansas Texas R. Co. of Texas v. Cade, 233 U.S. 642, 34 S.Ct. 678, 680, 58 L.Ed. 1135. In upholding the constitutionality of the later Act, the Supreme Court of the United States held that "It is a police regulation designed to promote the prompt payment of small claims and to discourage unnecessary litigation in respect to them. The claims included appear to be such as are susceptible of being readily adjusted by the party responsible, within the thirty days that must intervene between the presentation of the claim and the institution of suit."
The validity of statutes awarding attorneys' fees to successful litigants has been upheld in various types of cases in recent years. The rule gleaned from the decided cases seems to be that, so long as the classification is based upon some difference bearing a reasonable and just relation to the act in respect to which the classification is attempted, there is no violation of the "due process" and "equal protection" clauses of the Fourteenth Amendment of the Constitution of the United States.
Thus in Atchison, T. S.F.R. Co. v. Matthews, 174 U.S. 96, 19 S.Ct. 609, 43 L.Ed. 909, the United States Supreme Court upheld a statute of the state of Kansas allowing a reasonable attorney's fee to a successful plaintiff in an action against a railroad company for damages by fire caused by the operating of the railroad, on the ground that the same was a reasonable regulation in the nature of a police regulation to secure the utmost care on the part of railroad companies to prevent *Page 437 
the escape of fire, and not simply a provision to secure the payment of debts. Upon the same principle, the United States Supreme Court has sustained a statute imposing a penalty on railroad corporations of $1.25 per day for failure to pay a laborer what is due him upon discharge, the statute being held to be a reasonable regulation for the protection of servants and employees of railroads. St. Louis, I.M. S.R. Co. v. Paul,173 U.S. 404, 19 S.Ct. 419, 43 L.Ed. 746.
It is of interest to observe that the courts have practically uniformly held constitutional statutes requiring insurance companies to pay attorneys' fees to successful plaintiffs in actions to recover claims the insurance companies have refused to pay, although plaintiff need not pay their fees if unsuccessful, the necessity of bringing the action being vexatious. Farmers' 
Merchants' Ins. Co. v. Dobney, 189 U.S. 301, 23 S.Ct. 565, 47 L.Ed. 821; cases collected, Spicer v. Benefit Asso. R.E., 142 Or. 588, 21 P.2d 187, 90 A.L.R. 530; Union Terminal Co. v. Turner Const. Co., 5 Cir., 247 F. 727, 11 A.L.R. 884. Similarly, under Workmen's Compensation Acts, a provision allowing a reasonable attorney's fee in case the claimant is compelled to resort to court proceedings to collect his claim has uniformly been held not to violate the federal constitution as repugnant to the Fourteenth Amendment. New Mexico State Highway Department v. Bible, 38 N.M. 372, 34 P.2d 295; cases collected 90 A.L.R. 530; 11 A.L.R. 884.
The "equal protection" clause of the federal constitution is not violated if the classification of persons affected by the legislation is not arbitrary and is based upon some difference in the classes having a substantial relation to the purpose for which the legislation was designed. A law to be general in its scope, need not include all classes of individuals in the state. Nor is a classification void because it does not embrace within it every other class which might be included. See Loftin v. Crowley's, Inc., 150 Fla. 836, 8 So.2d 909, 142 A.L.R. 626, certiorari denied 317 U.S. 661, 63 S.Ct. 60, 87 L.Ed. 531; Caldwell v. Mann, 157 Fla. 633, 26 So.2d 788; State ex rel. Vars v. Knott, 135 Fla. 206, 184 So. 752. "Equal protection" demands only reasonable conformity in dealing with parties similarly circumstanced. State ex rel. Lane Drug Stores v. Simpson,122 Fla. 582, 166 So. 227, citing Stewart Dry Goods Co. v. Lewis et al., 294 U.S. 550, 55 S.Ct. 525, 79 L.Ed. 1054; State ex rel. Eychaner v. Ramsey, 87 Fla. 56, 99 So. 327, 329.
Wide discretion is vested in the Legislature in making the classification, and every presumption is in favor of the validity of the statute. The decision of the Legislature as to what is a sufficient distinction to warrant the classification will not be overthrown by the courts unless it is palpably arbitrary and beyond rational doubt erroneous. See Atchison, T. S.F.R. Co. v. Matthews, supra.
The wages paid to laborers are the very foundation of the security of their firesides, as well as of the entire economy of our country. In practically all cases today, these wages are the only source of income they have to maintain their families and prevent their becoming charges upon the community.
Furthermore, these wage claims are usually small; and to require laborers to engage and pay counsel to enforce just claims will inevitably diminish substantially the amount they eventually receive. When an employer refuses to pay a laborer the wages due him, the laborer's alternatives are equally unsatisfactory and ineffective: he can sue for the amount due him and cut down his "take-home" pay by the amount of the fees he will have to pay his attorney, or he can simply yield his just rights without a struggle and agree to reduce his claim to the figure set by the employer. This is certainly not the "adequate protection" required by Section 22, article 16, of the Florida Constitution, F.S.A. Nor is it in accordance with the rule laid down by Luke, nearly two thousand years ago, that "The laborer is worthy of his hire." Luke 10:7.
It must be borne in mind that the laborer is selling only one commodity, namely, his services; whereas, materialmen and other forms of merchandising, as a general *Page 438 
rule, operate established businesses with budgeted funds for delinquent accounts, counsel fees, and the like, which are treated as a general part of their business overhead. When a laborer loses his wages, however, almost invariably it reflects a loss of his entire income over that work period, and he may be compared to an established business firm which has been forced to lock its doors against income for such period. Moreover, the time which a laborer must spend in court in enforcing his just claim represents a complete work stoppage for him; he is forced by the denial of his claim for wages to "go out of business" for the time required to enforce his claim in court. Thus, not only is the necessity for bringing the action "vexatious," see Farmers' 
Merchants' Ins. Co. v. Dobney, supra, but it is also money out of the pocket of the laborer.
It is our opinion, therefore, that the classification is neither arbitrary nor unreasonable but, on the contrary, is based on a substantial difference between the classes bearing a reasonable and just relation to the purpose intended to be accomplished by the Legislature. The right to recover attorneys' fees is given to all laborers who seek to enforce their statutory lien for wages against their employers in the summary proceeding provided by Section 86.06, Florida Statutes 1941, F.S.A. The liability for such fees is assessed against all employers who refuse to pay a just wage claim to a laborer whom they themselves have hired, which claims would seem to be readily susceptible of adjustment. The following language of the United States Supreme Court in Missouri, Kansas Texas R. of Texas v. Cade, supra, is appropriate to the instant case: "Even were the statute to be considered as imposing a penalty upon unsuccessful defendants in cases within its sweep, such penalty is obviously imposed as an incentive to prompt settlement of small but well-founded claims, and as a deterrent of groundless defenses, which are the more oppressive where the amount involved is small." [233 U.S. 642, 34 S.Ct. 681.]
But, whether the statute is considered as imposing a penalty or as imposing compensatory damages upon an employer who, in the judgment of the legislature, unreasonably delays and resists payment of a just wage claim, it is our opinion that the classification is a reasonable one which does not do violence to the commands of the Fourteenth Amendment of the federal constitution and section 12 of our Declaration of Rights.
The final decree of the lower court is reversed, with directions to award an attorney's fee in accordance with the requirements of the statute.
Reversed.
ADAMS, C.J., and THOMAS, CHAPMAN and HOBSON, JJ., concur.
TERRELL, J., not participating.
SEBRING, J., not participating because of illness.