COBB, Judge.
A general contractor and its surety appeal from a final judgment in favor of a subcontractor’s action on a payment bond.
Florida State Elks Association, as owner, entered into a written contract with Allied General Contractors, Inc., as general contractor, for the construction of a children’s hospital. Allied entered into a contract with Superior Asphalt Co. for Superior as subcontractor to do the paving and striping, plus work on a pond. Pursuant to section 713.23, Florida Statutes (1977), Allied posted a payment bond with United States Fidelity & Guaranty (U.S.F. & G.) as surety.
Dissatisfied with Superior’s completion of the subcontract, Allied brought an action for breach of contract. Superior counterclaimed with three counts: suit on the payment bond; breach of contract for failure to pay; and quantum meruit. After a non-jury trial, the court found that Superior substantially completed the contract; and that Allied and U.S.F. & G. as surety owed Superior a sum of money, which after deducting an amount paid by Allied, resulted in a judgment of $8,902.65, plus interest, costs, and attorney fees of $3,300 in favor of Superior.
As for the first point Allied raises in this appeal, the record shows that Superior substantially complied with any requirements of section 713.23 concerning notice as prerequisite to a direct action on a payment bond. As for the second point on appeal, we find there was error in the computation of attorney fees.
The trial court awarded an attorney fee in this case without regard to the limitation prescribed by section 627.756(2), Florida Statutes (1977), which provides as follows:
Section 627.428 (attorney fee) shall also apply as to suits brought by owners, subcontractors, laborers and material men against a surety insurer under payment or performance bonds written by the insurer under the Laws of Florida to indemnify such owners, subcontractors, laborers and material men against pecuniary loss by breach of a building or construction contract; except, that the amount to be so recovered for fees or compensation of such a plaintiff’s attorney shall not be more than 12.5 percent of the amount which the judgment or decree awards such plaintiff under the bond (exclusive of the costs of suit and attorney fees or compensation), nor shall it be less than $100 where the judgment or decree is for more than $500 nor less than $50 where the judgment or decree is $500 or less. Such owners, subcontractors, laborers and material men shall be deemed to be “insureds” or “beneficiaries” for the purposes of this section.
The trial judge apparently based the award of an attorney fee in this case upon section 713.29, Florida Statutes (1977), which concerns attorney fees in cases of lien enforcement.[1] We believe that section 713.-29 is inapplicable. Once a payment bond is properly acquired by the owner, as it was in the instant case, there can be no valid claim of lien filed by a subcontractor or material-man against the owner’s property, which is exempted from such a lien. Resnick Developers South, Inc. v. Clerici, Inc., 340 So.2d 1194 (Fla. 4th DCA 1976). Claims of lien by putative lienors (other than the contractor) filed subsequent to execution and delivery of the payment bond are transferred to that bond with the same effect as liens transferred under section 713.24, Florida Statutes (1977). See § 713.23(2), Fla.Stat. (1977). It is difficult to ascertain the legislative intent underlying the latter language because one statute (§ 713.24) deals with valid liens, and the other (§ 713.23) does not. Nevertheless, no constitutional arguments concerning equal protection have been raised in this appeal; therefore, none is considered. Cf. Sarasota County v. Barg, 302 So.2d 737 (Fla.1974).
*729 We must reject the argument that an action on a payment bond, substituted as security in place of the real property improved, is equivalent to other actions to enforce a lien so that section 713.29 would govern. In the recent case of Bankers & Shippers Ins. Co. of N.Y. v. A1A Insulation Industries, Inc., 390 So.2d 734 (Fla. 4th DCA 1980), the Fourth District receded from its previous opinion in Travelers Indemnity Co. v. Howell & King, Inc., 336 So.2d 1 (Fla. 4th DCA 1976), cert. denied, 341 So.2d 1086 (Fla.1976). The Fourth District now holds that section 627.756 prevails over section 713.29 in regard to the computation of attorney fees in cases involving payment bonds.
As the First District Court of Appeal pointed out in Snead Const. Corp. v. Langerman, 369 So.2d 591, 594 (Fla. 1st DCA 1978):
Section 624.13 of the Insurance Code states that the code’s provisions regarding types of insurance, insurers or as to “a particular matter” prevail over all other such provisions.
In regard to the instant point on appeal, section 627.756(2), Florida Statutes (1977), deals with a “particular matter” as opposed to section 713.29, Florida Statutes (1977), which concerns attorney fees in cases involving enforcement of a lien.
In the present case, the award of attorney fees exceeded twelve-and-one-half percent of the judgment.[2] Accordingly, the judgment in favor of Superior is affirmed except for the assessment of attorney fees, which is vacated, and the cause is remanded with directions to reconsider the allowance of attorney fees to Superior in conformity with section 627.756(2), Florida Statutes (1977).
AFFIRMED IN PART; REVERSED IN PART; and REMANDED with directions.
DAUKSCH, C.J., and FRANK D. UP-CHURCH, Jr., J., concur.

. Section 713.29, Florida Statutes (1977), provided:
In any action brought to enforce a hen under part I of this chapter, the prevailing party shall be entitled to recover a reasonable fee for the services of his attorney, to be determined by the court, which shall be taxed as part of his costs, (emphasis added).

. $3,300 exceeds 12'/2% of the judgment of $8,902.65 ($8,902.65 X .125 = $1,112.83).