400 So.2d 1245 (1981)
HEGEMAN-HARRIS COMPANY, INC. and Fidelity and Deposit Company of Maryland, Appellants,
v.
ALL STATE PIPE SUPPLY COMPANY, INC., Appellee.
No. 80-622.
District Court of Appeal of Florida, Fifth District.
June 10, 1981.
Rehearing Denied July 20, 1981.
George Maxwell, III, of Rossetter, Maxwell & Silvernail, Melbourne, for appellants.
Peter B. Heebner of Van Wert, Heebner & Kennedy, Daytona Beach, for appellee.
ORFINGER, Judge.
The judgment of the trial court finding that appellee, as a materialman, was entitled *1246 to recover $6,626.59 from the contractor's surety under the payment bond posted by the contractor,[1] is affirmed.
Because the action was one brought against the contractor and its surety under the bond, we must reverse that part of the judgment awarding appellee an attorney's fee of $5,000, because the fee exceeds 12 1/2% of the judgment.[2]See Allied General Contractors, et al, v. Superior Asphalt Co., 397 So.2d 727 (Fla. 5th DCA 1981). We note Judge Cowart's concern for the constitutionality of the statute because of the apparent unequal treatment of persons in substantially the same position, but as was the case in Allied General, no constitutional questions were raised in the trial court or on this appeal, so none are considered.
The judgment is affirmed except as to the award of attorney's fees, which is vacated, and the cause is remanded to the trial court with directions to reconsider the allowance of attorney fees to appellee in conformity with section 627.756(2), Florida Statutes (1977).
AFFIRMED in part, REVERSED in part, and REMANDED.
SHARP, J., concurs.
COWART, J., dissents with opinion.
COWART, Judge dissenting:
As a matter of construing the statutes themselves, I agree with Judge Cobb's reasoning in Allied General Contractors v. Superior Asphalt Co., 397 So.2d 727 (Fla. 5th DCA 1981). However, I do not agree with the result because I believe the application of section 627.756, Florida Statutes (1979), to a mechanics' lienor's action on a payment bond is a violation of the lienor's right to equal protection of the law.
A landowner may exempt his property from all mechanics' liens, except that of the contractor, by requiring the contractor to furnish a payment bond. § 713.02(6), Fla. Stat. (1979). When no payment bond has been furnished, a lienor who prosecutes his lien against the improved land is authorized to collect "a reasonable fee" without limitation. § 713.29, Fla. Stat. (1979). The majority holds that a lien claimant who is forced to proceed against a payment bond, rather than the land, cannot recover reasonable attorney's fees in excess of 12.5 percent of the recovery under the bond because this limitation is contained in section 627.756, Florida Statutes (1979), a statute in the insurance code relating to surety insurance contracts. Under the majority's application of this statute, two lienors with identical claims against different owners recover different amounts for attorney's fees, depending solely on the arbitrary circumstance of whether or not the owner has required his contractor to furnish a payment bond.
The concept of equal protection of the laws embodied in the fourteenth amendment to the United States Constitution and section 2 of article I of the Florida Constitution condemns legislation which classifies persons for disparate treatment, where the classification is arbitrary or where there is no difference in the classes having a substantial relation to the purpose of the legislation. State v. Andersen, 208 So.2d 814 (Fla. 1968), appeal dismissed 393 U.S. 22, 89 S.Ct. 49, 21 L.Ed.2d 18 (1968); Hunter v. Flowers, 43 So.2d 435 (Fla. 1949).
Essentially the entire mechanics' lien law is for the benefit of lienors and is to afford the lienor adequate assurance of being fully compensated for his labor, services and material. The section for attorney's fees, section 713.29, is primarily calculated to prevent any diminution of the claimant's full compensation. Foxbilt Electric, Inc. v. Belefant, 280 So.2d 28 (Fla. 4th DCA 1973); Emery v. International Glass & Mfg., Inc., 249 So.2d 496 (Fla. 2d DCA 1971). The lienor on a job on which the contractor has furnished a payment bond needs, and should be entitled to, full payment for his labor and material undiminished by necessary reasonable attorney's fees just as much as his brother lienor who furnished services and material to an unbonded job.
*1247 Equal protection demands that the rights of all persons must rest upon the same rule under similar circumstances, Insurance Co. of Texas v. Rainey, 86 So.2d 447 (Fla. 1956); Rodriguez v. Jones, 64 So.2d 278 (Fla. 1953), and legislation allowing a particular class of litigants recovery of attorney's fees is valid only where it affords similar treatment to all members of the class. Sarasota County v. Barg, 302 So.2d 737 (Fla. 1974); Hunter, 43 So.2d at 437-438. See Missouri, Kansas & Texas R. Co. of Texas v. Cade, 233 U.S. 642, 34 S.Ct. 678, 58 L.Ed. 1135 (1914); Union Terminal Co. v. Turner Construction Co., 247 F. 727 (5th Cir.1918); Annot., 73 ALR3d 515 (1976).
Here, although the state may constitutionally single out mechanics' lien claimants as a class for purposes of allowing them recovery of attorney's fees, it may not constitutionally further subdivide the class of lienors based on the criterion of whether an individual owner has required his contractor to secure a payment bond, as this is a circumstance bearing no relation to the purposes of the statute authorizing reasonable attorney's fees in mechanics' lien cases. To avoid this constitutional problem I would hold section 627.756 inapplicable and would read section 713.29, Fla. Stat. (1979), applicable to lienors on bonded and unbonded jobs alike.
NOTES
[1] § 713.23, Fla. Stat. (1977).
[2] § 627.756(2), Fla. Stat. (1977).