SHARP, Judge.
Walter E. Heller and Company Southeast, Inc. (Heller) appeals from a final summary judgment entered against it in favor of Palmer-Smith Company and Insurance Company of North America (INA). We reverse because we think Heller successfully established substantial compliance with the content requirements for notice imposed by section 713.23(l)(d), Florida Statutes (1981).
Monex Corporation was a supplier of metal studs and tracks to Florida Ceilings & Partitions, a subcontractor on the France/Japan Pavillion at Epcot. Monex assigned all of its rights to receive payment under its supply contract to Heller. Palmer-Smith was the general contractor for the Pavillion and INA was the surety on a labor and material bond written with Palmer-Smith as principal for this project.
As a materialman, Monex served a notice to owner on Walt Disney World on March 19, 1982, pursuant to section 713.06. A copy of this notice was sent to Palmer-Smith. Later, Heller on behalf of Monex, sent the required notice of non-payment to Palmer-Smith, pursuant to section 718.-23(l)(e).
The sole issue in this case is whether or not the copy of the first notice, which was mailed to Palmer-Smith and received by it, sufficiently complied, with the content requirement set forth in section 713.23(l)(d). The notice, although labeled “Notice to Owner,” contained all of the information required by section 713.23(l)(d), except for a statement that Monex would “look to the contractor’s bond for protection on the work.”
Section 713.23(l)(d) states:
The notice may be in substantially the following form:
NOTICE TO CONTRACTOR
To (name of contractor)
The undersigned notifies you that he has furnished or is furnishing (services or materials) for the improvement of the real property identified as (property description) owned by (owner’s name and address) under an order given by_ and that the undersigned will look to the contractor’s bond for protection on the work.
(Lienor’s signature and address)
In lieu of the intent to rely language, Monex’s notice said: “If a PAYMENT BOND is in effect for this job, please furnish a copy to the undersigned, or notify the undersigned of the name and address of the company providing the bond.” Palmer-Smith did not respond in any way to this request, although disclosure of the surety’s name was made on the recorded notice of commencement.
Section 713.37 provides that “[t]his part shall not be subject to a rule of liberal construction in favor of any person to whom it applies.” Many courts have relied upon this section as a basis to require strict adherence with the provision of Chapter 713 for giving timely notices to the proper parties.[1]
However, in this case the statutory notice provision expressly states that the required notice “may be in substantially the following form.” (Emphasis supplied). It *513 therefore follows that the exact form is not required, and that there may be substantial compliance with the content requirements of the statute. See Allied General Contractors v. Superior Asphalt Co., 397 So.2d 727 (Fla. 5th DCA 1981).
In an analogous case, School Board v. Vincent J. Fasano, Inc., 417 So.2d 1063 (Fla. 4th DCA 1982), our sister court held that a material supplier who completely failed to mention anything about intent to rely on the bond in its notice, substantially complied with a similarly worded requirement in section 255.05(2), Florida Statutes (1977).[2] The court held that the fact that the material supplier actually sent the notice to the surety as well as to the general contractor adequately put them both on notice that the supplier was, in effect, looking to the bond for protection. The court said the surety and general contractor were not entitled to ignore the notice.
The purpose of giving the notices pursuant to section 713.23 by a supplier of materials is to permit him to file a lawsuit against the contractor or surety. Unless compliance is had, no such suit can be brought.[3] This is a drastic limitation of common law rights, as it affects a broad range of suits outside the scope of the statutorily created mechanic lien rights.[4] Too strict an interpretation might raise constitutional problems.[5]
We think the notice sent to the contractor in this case adequately put it on notice that the materialman intended to claim under and look to a bond if there was one in existence. The mention of a bond in this case obviously related to the material-man’s intent to gain its protection. Palmer-Smith received this notice and decided the notice was legally insufficient. Subject to a possible defense of prejudice,' which may be established at trial, Palmer-Smith was not entitled as a matter of law to regard Monex’s notice in the context of a summary judgment.
Accordingly, the final summary judgment for appellees is reversed and this cause is remanded for further proceedings.
REVERSED AND REMANDED.
COBB, J., concurs.
DAUKSCH, J., dissents with opinion.

. See e.g., Julian E. Johnson & Sons v. Balboa Insurance Co., 408 So.2d 1044 (Fla.1982).

. A claimant ... shall ... furnish the contractor with a notice that he intends to look to the bond for protection.

. § 713.23(l)(f), Fla.Stat. (1981).

. Rakusin, Florida Mechanic’s Lien Law Manual, Chapter 30 "Common Law Bonds."

. Art. II, § 3, Fla. Const.