BARKDULL, Judge.
The appellant seeks review of an order of the Florida Real Estate Commission which revoked the appellant’s real estate salesman’s license.
*391 In the early 1980’s the appellant engaged in the smuggling of marijuana and used the profits therefrom to purchase real property in North Carolina and Virginia, under assumed names, to be used as stash houses for storing the marijuana. During this period, he facilitated the importation of about 29 tons of marijuana. Subsequent to commission of these acts in 1986, the appellant obtained his real estate license. After receiving his real estate salesman’s license, the appellant was charged with the aforementioned crimes by Federal Grand Jury indictment. He pleaded guilty to certain counts, was convicted, and sentenced to a federal prison in 1986. He did not notify the appellee of any of these events.
On January 23, 1990, a complaint was filed with the Department of Professional Regulation, per Section 455.225(1), Florida Statutes (1989).
The probable cause panel of the Commission found probable cause to believe that a violation of the Florida Real Estate Practice Act occurred per Section 475.25(l)(f), (n), (p), Florida Statutes (1989).
This finding resulted in the filing of an Administrative Complaint by the Florida Division of Real Estate (Appellee), charging the Appellant with three (3) numbered counts, including: Count I — guilty of having been convicted of a crime which relates to the activities of a licensed real estate salesman or involves moral turpitude; Count II — guilty of having failed to notify the Commission in writing within thirty (30) days after pleading guilty to a felony; and, Count III — guilty of having been confined in a federal prison.
The appellant was served with a copy of the Administrative Complaint and thereafter filed an Election of Rights in which he answered:
“I do not dispute the allegations of fact contained in the Administrative Complaint, but I do wish to be accorded an informal hearing or proceeding, pursuant to Section 120.57(1), Floridas Statutes, at which time I will be permitted to submit oral and written evidence in mitigation to the Florida Real Estate Commission.”
Based upon appellant’s election, appellee filed a Motion For Final Order. The Informal Hearing was noticed before the Commission.
The Commission found that:
“The respondent was properly served with the Notice of Hearing, appeared and presented matters in mitigation.
Based upon the allegations of fact and upon the information provided to the Commission at its meeting of June 19, 1990, the Commission finds the Respondent appellant guilty of violating § 475.25(l)(f), ... (n), and ... (p), Florida Statutes. Therefore, the Commission ORDERS that the licenses of Douglas G. Norris be revoked....”
Maximum penalties for the three (3) provisions are as follows:
(f) — Up to 7 years suspension or revocation
(p) — Suspended up to 5 years or revocation
(n) — Suspension for period of confinement or revocation,
Rule 21V-24.001, Florida Administrative Code.
By this appeal, the appellant contends the Commission erred in revoking his license without taking into consideration the mitigating evidence offered by the appellant.
The appellee responds that the record shows that the appellant did, in fact, present mitigating evidence to the Commission and there is nothing to show that the Commission did not take this evidence into consideration in imposing its discipline, which was within the guidelines set forth in the Florida Administrative Code. Rule 21V-24.00, Florida Administrative Code.
Affirmed.