PER CURIAM.
Industrion, Inc., appeals from an order approving a settlement agreement between National Association of Credit Management of Florida, Inc. (NACM), Sterling & Sterling, Inc., and Sterling and Sterling of Florida, Inc. We affirm.
In 1988, Hialeah Industries, Inc., assigned its assets to NACM pursuant to Chapter 727, Florida Statutes (1987). These assets included a business interruption insurance policy issued by Sterling. NACM brought supplemental proceedings pursuant to section 727.110, Florida Statutes, to collect damages on the policy.
Sterling presented a proposed settlement of claim to NACM. Industrion (Hialeah’s second largest creditor) and other creditors objected to the proposal. After hearing arguments, the trial court deemed the agreement fair and reasonable and approved the settlement.[1]
Because the trial court had sufficient evidence upon which to base its approval of the settlement, we find that there was no abuse of discretion and, therefore, affirm. See In re Texas Extrusion Corp., 844 F.2d 1142, 1158 (5th Cir.) (court order approving settlement reviewed under abuse of discretion standard), cert. denied, 488 U.S. 926, 109 S.Ct. 311, 102 L.Ed.2d 330 (1988).
In addition, we find that the other issues on appeal were not properly raised at the trial level and are, therefore, precluded from being raised now. See Hegeman-Harris Co. v. All State Pipe Supply Co., 400 So.2d 1245, 1246 (Fla. 5th DCA) (constitutional issues not raised at trial cannot be raised for first time before District Court of Appeal), rev. dismissed, 411 So.2d 380 (Fla.1981). See also Marsh v. Sarasota County, 97 So.2d 312, 313 (Fla. 2d DCA 1957), cert. denied, 101 So.2d 816 (Fla. 1958); accord, Frank v. Pioneer Metals, Inc., 121 So.2d 685, 688 (Fla.3d DCA), cert. denied, 123 So.2d 676 (Fla.1960).
Affirmed.

. The trial court heard argument, had affidavits submitted by Industrion, and heard explanations on reasonableness from special trial counsel to NACM.