709 So.2d 595 (1998)
Dirk G. MILLIKEN, Appellant,
v.
DEPARTMENT OF BUSINESS AND PROFESSIONAL REGULATION, Appellee.
No. 97-928.
District Court of Appeal of Florida, Fifth District.
April 3, 1998.
Rehearing Denied May 22, 1998.
*596 Frederick Henry Wilsen, Jr. of Frederick H. Wilsen & Associates, P.A., and Law Offices of Gillis & Wilsen, Orlando, for Appellant.
Laura McCarthy, Senior Attorney, DBPR Division of Real Estate, Orlando, for Appellee.
W. SHARP, Judge.
Milliken appeals from an order of the Florida Real Estate Commission (FREC), which found him guilty of having violated subsections 475.25(1)(f) and 475.25(1)(n), Florida Statutes, and imposed a penalty of suspension of his real estate license until his criminal probation terminates and he pays $752.00 for investigative costs. We affirm.
Milliken initially argues that the administrative complaint filed against him by the Department of Business and Professional Regulation (Department) was merely rubber stamped by the FREC probable cause panel. However, this issue was not raised below at the informal hearing provided by FREC, at *597 which Milliken and his attorney appeared.[1] Even if this issue had been preserved, in this case Milliken fully presented the facts of his situation to a two-member panel and his attorney explained to them that Milliken had been convicted of criminal possession of cocaine with intent to distribute, sentenced to 10 years in prison, and charged with a $10,000.00 fine. Accordingly, the FREC properly found probable cause.
Milliken next argues that the Department failed to prove his guilt by clear and convincing evidence. The appealed order resulted from an informal hearing at which the Department presented no witnesses and submitted no documentation. Attached to the Department's motion for an informal hearing were licensing data, a copy of the administrative complaint which included a copy of the conviction, a copy of a signed return receipt and a copy of Milliken's election of rights form denying the allegations and requesting a formal hearing.
However, Milliken failed to dispute the Department's allegations and at the hearing, both he and his attorney admitted them. It was therefore proper for FREC to rely on Milliken's admissions.
Milliken also argues that possession of cocaine with intent to distribute is not a crime which violates section 475.25(1)(f) because it does not involve moral turpitude or fraudulent or dishonest dealing. That section provides that a real estate license may be suspended or revoked if a licensee has been convicted of a crime "which directly relates to activities of a licensed broker or salesperson, or involves moral turpitude or fraudulent or dishonest dealing." Not every crime provides a basis for suspension of a real estate license. See Pearl v. Florida Board of Real Estate, 394 So.2d 189 (Fla. 3d DCA 1981).
We have noted the difficulty of delineating in a general way which crimes are, or are not, ones involving "moral turpitude." See Nelson v. Department of Business and Professional Regulation, 707 So.2d 378 (Fla. 5th DCA 1998). In this case, Milliken did more than merely possess a small amount of illegal drugs. He was convicted of possessing cocaine with the intent to sell. Under contemporary community standards, the evil of narcotics trafficking is well known and accepted. See State v. Hennings, 3 Wash. App. 483, 475 P.2d 926 (1970). We have no problem with concluding it is a crime involving moral turpitude. See Norris v. Florida Department of Professional Regulation, 579 So.2d 390 (Fla. 3d DCA 1991).
Milliken also claims FREC did not have authority to suspend his license for an indefinite period of time that may exceed ten years. Section 475.25(1) provides FREC may suspend a license for a period not to exceed ten years. The suspension time was not stated in the final order. It merely says it will last "until the criminal probation is terminated."
It is apparent that FREC intended the suspension time not to exceed three and one-half years since that was the amount of time remaining on Milliken's probation at the time the order was rendered. We also note that Milliken was not on probation; rather he had been paroled. Accordingly, we remand to FREC to clarify that the suspension of the license shall continue for a period of time until Milliken's parole has been terminated, which shall not exceed ten years.
As his last point on appeal, Milliken argues that the informal hearing procedure violated his fundamental constitutional right to remain silent and not be forced to be a witness against himself. In this case, the proceedings could have gone to a formal hearing had Milliken disputed any facts or allegations set forth by the Department. Since he failed to do so, resolution of the matter was proper by informal hearing. Village Saloon, Inc. v. Division of Alcoholic Beverages and Tobacco, 463 So.2d 278 (Fla. 1st DCA 1984). Further, at the informal *598 hearing, it was Milliken's attorney who suggested he be allowed to speak to FREC members and answer questions. The only question put to him was whether or not he had anything he wanted to tell them. He expressed remorse, admitted his guilt to the crime, and answered questions about the details of the crime. At no time did FREC compel Milliken to answer questions or require him to address them.
AFFIRMED; REMANDED for clarification of order.
COBB and HARRIS, JJ., concur.
NOTES
[1] Clark v. Department of Professional Regulation, 463 So.2d 328, 335, n. 4 (Fla. 5th DCA 1985); In the Interest of K.A.F., 442 So.2d 365 (Fla. 5th DCA 1983); Hegeman-Harris Co. v. All State Pipe Supply Co., Inc., 400 So.2d 1245 (Fla. 5th DCA 1981). If Milliken wished to reserve the probable cause issue for review, he should have raised the issue at the informal hearing before FREC. Couch v. Commission on Ethics, 617 So.2d 1119 (Fla. 5th DCA 1993).